OPINION
{¶ 1} Appellant Bryan E. Vann appeals the decision of the Court of Common Pleas, Perry County, denying his motion to expunge and seal the record of a prior felony. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 1, 1993, appellant pled guilty in Fairfield County to one count of forgery, based on an indictment alleging that appellant, on January 10, 1993, forged a check belonging to another individual. Appellant was sentenced by the Fairfield County Court of Common Pleas to an eighteen-month suspended sentence with five years' probation. Appellant's sentence was ordered to be served concurrently with a nearly identical sentence in Perry County Case No. 6360, which stemmed from a Perry County indictment alleging appellant's theft of checks from the same victim on January 8, 1993.
 {¶ 3} Appellant thereafter successfully completed the concurrent Fairfield and Perry County sentences. On December 11, 2002, appellant filed a motion for expungement of the forgery conviction and sealing of the record in the Fairfield County Court of Common Pleas. Following a hearing, a Fairfield County judge granted the motion.
 {¶ 4} In the case sub judice, i.e., Perry County Case No. 6360, appellant filed a motion for expungement of his theft conviction and sealing of the record on December 12, 2002. The trial court conducted a hearing on January 30, 2003. The trial court denied the motion on February 28, 2003, essentially finding appellant was not a first-time offender (see R.C. 2953.31(A)).
 {¶ 5} Appellant filed a notice of appeal on March 26, 2003, and herein raises the following sole Assignment of Error:
 {¶ 6} "I. The trial court erred and abused its discretion when it denied the defendant's motion to seal records relating to the conviction in the within matter when it ruled that the defendant was not a first offender as that term is defined pursuant to O.R.C. Section 2953.31."
 {¶ 7} In his sole Assignment of Error, appellant challenges the trial court's denial of his motion to expunge his 1993 conviction and seal the record.
 {¶ 8} The expungement procedure in Ohio is a statutory post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having the record of their first conviction sealed, should the court in its discretion so decide. Expungement is a matter of privilege, not of right. See State v. Thomas
(1979), 64 Ohio App.2d 141, 145.
 {¶ 9} R.C. 2953.32 governs expungement and the sealing of a record of conviction. It provides in pertinent part as follows:
 {¶ 10} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 11} As a general rule, a trial court's decision to deny expungement will not be disturbed on appeal absent a showing of abuse of discretion. State v. Muller (Nov. 6, 2000), Knox App. No. 99CA18. However, the determination of "first offender" status is a question of law which is subject to independent review by an appellate court, without deference to the decision of the lower court. State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 9, citing State v. McGinnis
(1993), 90 Ohio App.3d 479, 481; State v. Aggarwal (1986),31 Ohio App.3d 32.
 {¶ 12} R.C. 2953.31 provides the following definition of "first offender:"
 {¶ 13} "(A) `First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 14} An applicant's status as a first offender is a prerequisite to the trial court's jurisdiction over an application to seal records.Krantz, supra, at ¶ 23, citing State v. Saltzer (1985),20 Ohio App.3d 277, 278.
 {¶ 15} In the case sub judice, appellant first contends that his expungement in Fairfield County precludes a finding that his Perry County theft conviction was not a "first offense." Appellant provides no authority in support of this proposition. However, in State v. Easterday
(July 19, 1993), Licking App. No. 92-CA-123, we rejected a similar argument, concluding instead that a trial court is permitted to consider a prior expunged conviction in determining whether a defendant should be considered a "first-time offender" and thereby be granted expungement in a second proceeding.
 {¶ 16} Accordingly, appellant's initial contention is without merit.
 {¶ 17} Appellant secondly contends, in the alternative, that his Fairfield County and Perry County convictions are "connected" pursuant to R.C. 2953.31(A), such that he should be considered a first-time offender for expungement purposes. In that vein, the trial court ruled as follows: "[The Court] hereby finds that the acts of stealing a check on (sic) one county and forging that check in a separate county and having been convicted of separate offenses is not sufficiently connected and this Court does not find that the offenses were committed at the same time and that there were in fact two days separating the same. This Court envisions this Section to stand for scenarios more in line with an individual committing a breaking and entering and a theft at the same time rather than committing two separate felony offenses in two separate counties with two days between the two acts." Judgment Entry, February 28, 2003, at 1.
 {¶ 18} Appellant testified at the expungement hearing that the forged check in Fairfield County came from the batch appellant stole from the Perry County victim. The prosecutor did not rebut this claim. See Tr. at 14, 17. However, even though in this case the spoils of one crime apparently became the instrumentality for the next, we find no error in the trial court's conclusion that the two events were sufficiently separated by time and locale such that the connectedness required by R.C. 2953.31(A) was lacking.
 {¶ 19} Accordingly, we find no merit in appellant's contention that the court erred or abused its discretion in denying his expungement motion.
 {¶ 20} Appellant's sole Assignment of Error is overruled.
 {¶ 21} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.