DECISION
{¶ 1} Appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the expungement application of appellee, David R. McCoy. Because the trial court improperly granted appellee's application for expungement, we reverse.
 {¶ 2} On July 14, 2003, appellee filed an "Application for Sealing of Record," seeking that the court seal all official records of appellee's conviction for criminal damaging entered on October 26, 1992 in case No. 91CR-07-4262. According to the boilerplate memorandum in support of his application, appellee qualified as a first offender as defined in R.C. 2953.31 and met all the requirements of R.C. 2953.32.
 {¶ 3} On September 25, 2003, the state filed an objection to appellee's application for sealing of his record. Attaching to its objection an expungement investigation the Department of Probation conducted, the state contended appellee did not qualify as a first offender because of convictions both prior and subsequent to the October 26, 1992 conviction for which appellee sought expungement.
 {¶ 4} The matter was originally scheduled for an expungement hearing on November 20, 2003, but was continued to December 4. On that day, a transcript of the proceedings indicates that an assistant prosecuting attorney was present on behalf of the state, and appellee appeared pro se. The entirety of the transcript is the court's statement, "Mr. McCoy, The Court has granted your petition, and it will be acted on accordingly. That's all." (Tr. 2.)
 {¶ 5} On January 6, 2004, the trial court filed an entry finding that appellee was a first offender, that no criminal proceedings were pending against him and that sealing his record of conviction in case No. 91CR-07-4262 was consistent with the public interest. The court therefore ordered that all official records pertaining to appellee's conviction in that case be sealed.
 {¶ 6} The state appeals, assigning the following errors:
First Assignment of Error
The court erred when it granted an application for expungement without conducting a hearing.
Second Assignment of Error
The trial court erred when it granted the application for expungement, there being insufficient evidence to support the conclusion that defendant is a "first offender."
 {¶ 7} We first address the state's second assignment of error, as it disposes of the appeal. In it, the state contends the trial court erred in granting appellee's application for expungement because appellee does not qualify as a first offender.
 {¶ 8} "The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right." State v. Winship, Franklin App. No. 04AP-384,2004-Ohio-6360, citing State v. Simon (2000),87 Ohio St.3d 531, 533. Thus, "[e]xpungement should be granted only when all the requirements for eligibility are met." Simon, supra, citingState v. Hamilton (1996), 75 Ohio St.3d 636, 640 (noting that "the government possesses substantial interest in ensuring that expungement is granted only to those who are eligible"). According to R.C. 2953.32(A), an applicant must be a "first offender" in order to qualify for expungement. R.C. 2953.31(A) defines a first offender, as relevant to this case, as one "who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."
 {¶ 9} Here, the record reveals that appellee fails to qualify as a first offender for two reasons. Initially, appellee had convictions both previous and subsequent to his October 26, 1992 conviction in case No. 91CR-07-4262. Specifically, on September 25, 1992, prior to the offense for which appellee sought expungement, appellee was convicted of criminal damaging; subsequent to the offense subject of the expungement proceedings, he was convicted of disorderly conduct on both December 18, 1992 and October 16, 1996. Because of his previous and subsequent convictions, appellee does not qualify as a first offender under R.C. 2953.31(A).
 {¶ 10} Moreover, appellee's record has a February 27, 1992 conviction for driving while under the influence in violation of R.C. 4511.19. Pursuant to R.C. 2953.31(A), "[a] conviction for violation of section 4511.19 * * * shall be considered a previous or subsequent conviction." As a result, "when a person is convicted for DUI, he or she will have `previously or subsequently * * * been convicted of the same or a different offense' and cannot meet the definition of a `first offender' under R.C. 2953.31(A). Thus, a conviction of DUI always bars expungement of the record of a conviction of another criminal offense." State v. Sandlin (1999), 86 Ohio St.3d 165, 168
(explaining that when the General Assembly amended the relevant statute to keep minor traffic offenses from acting as a bar to expungement, it nonetheless specified that a conviction under R.C. 4511.19 would continue to bar expungement of another offense by disqualifying the offender from first offender status).
 {¶ 11} We recognize the state was present at the proceeding before the trial court, and, insofar as the record reveals, the state did not object to the trial court's granting appellee's expungement. Despite the state's failure to renew its objection at the expungement hearing, the issue is appropriately considered on appeal, as the first offender requirement of R.C. 2953.32 is jurisdictional. Winship, supra. If the applicant is not a first offender, the trial court lacks jurisdiction to grant an expungement. As a result, an order expunging the record of one "who is not a first offender is void for lack of jurisdiction and may be vacated at any time." Id., citing State v. Thomas
(1979), 64 Ohio App.2d 141, 145. The prosecution's failure to object is immaterial, as the court's lack of jurisdiction renders its order void. Winship, supra.
 {¶ 12} For the foregoing reasons, we sustain the state's second assignment of error, rendering moot its first assignment of error. Accordingly, we reverse the judgment of the trial court and remand with instructions to enter judgment denying appellee's application for expungement.
Judgment reversed and case remanded with instructions.
Bowman and Klatt, JJ., concur.