OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting an application to seal the record of defendant-appellee, Rosemary White, under R.C. 2953.32. For the following reasons, we reverse and remand.
 {¶ 2} On August 6, 2004, White applied to seal the record of her November 1, 1979 forgery conviction. At a hearing on April 25, 2005, the State objected to the proposed expungement, claiming that White did not satisfy the "first offender" requirement of R.C. 2953.32. R.C. 2953.32 mandates that only a "first offender," as defined in 2952.31(A), is eligible for expungement. The State argued that White did not qualify as a first offender because in addition to pleading guilty to forgery, White was subsequently convicted of driving under the influence of alcohol on September 19, 1996, a violation of R.C. 4511.19. According to the State, this subsequent conviction prevented White from sealing the record of her forgery conviction.
 {¶ 3} On April 27, 2005, the trial court entered judgment finding that White was a first offender and granting her application to seal the record of her forgery conviction. The state now appeals from that judgment and assigns the following error:
THE TRIAL COURT ERRED BY GRANTING THE EXPUNGEMENT BECAUSE DEFENDANT WAS NOT A FIRST OFFENDER UNDER R.C. 2953.32.
 {¶ 4} "`[E]xpungement is an act of grace created by the state,' and so is a privilege not a right." State v. Simon
(2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton
(1996), 75 Ohio St.3d 636, 639. In light of its nature, "[e]xpungement should be granted only when all requirements for eligibility are met." Simon, at 533.
 {¶ 5} R.C. 2953.32 permits a "first offender" to apply to the sentencing court for sealing of a conviction record. If the applicant is not a first offender, the trial court lacks jurisdiction to grant the requested expungement. In the Matterof Barnes, Franklin App. No. 05AP-355, 2005-Ohio-6891, at ¶ 12. "As a result, an order expunging the record of one `who is not a first offender is void for lack of jurisdiction and may be vacated at any time.'" Id. at ¶ 13, quoting State v. McCoy,
Franklin App. No. 04AP-121, 2004-Ohio-6726, at ¶ 11.
 {¶ 6} R.C. 2952.31(A) defines a "first offender" as:
[A]nyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction.
R.C. 2953.31(A) also mandates that "a conviction for a violation of section 4511.19 * * * shall be considered a previous or subsequent conviction." R.C. 4511.19 prohibits driving under the influence of drugs or alcohol. "[A] conviction of DUI always bars expungement of the record of a conviction for another criminal offense." State v. Sandlin (1999), 86 Ohio St.3d 165,168. See, also, State v. Yackley (1989), 43 Ohio St.3d 181, 182
("The 1984 amendment specifically includes violations of R.C.4511.19 in the category of offenses which act as a bar to expungement."); McCoy, supra, at ¶ 10 (relying on Sandlin to reverse the trial court's grant of expungement where applicant's record contained an R.C. 4511.19 violation in addition to the conviction for which he sought expungement).
 {¶ 7} Before 1984, the definition of a "first offender" in R.C. 2953.31(A) precluded expungement of any offense where the applicant's record also contained an offense as minor as a traffic violation. Sandlin, supra, at 168. In order to avoid this result, the legislature amended the definition but specified that a violation of R.C. 4511.19 would continue to prevent applicants from sealing the record of any other conviction. Id. The fact that the 1984 amendments continued to bar expungement of a record containing an R.C. 4511.19 conviction demonstrates "how seriously the General Assembly considers the offense of driving under the influence of alcohol." Id.
 {¶ 8} Similar to the applicants in Sandlin, Yackley, andMcCoy, White is not a "first offender" under R.C. 2953.31(A) because her record contains a subsequent conviction of R.C.4511.19 in addition to the forgery conviction for which she seeks expungement. Therefore, the trial court did not have jurisdiction to grant her application and its judgment is void.
 {¶ 9} For the foregoing reasons, we sustain the State's assignment or error. Accordingly, we reverse the judgment of Franklin County Court of Common Pleas and remand this case to that court for it to enter judgment denying White's application for expungement.
Judgment reversed and cause remanded.
Bryant and French, JJ., concur.