OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting an application to seal the record of conviction of defendant-appellee, Nirodh Jithoo, in case No. 03CR03-1506. Because appellee's conviction is not eligible for expungement, we reverse.
 {¶ 2} Appellee was indicted in case No. 03CR03-1506 on one count of abduction, a third-degree felony. The abduction charge included a firearm specification. The indictment alleged that on January 21, 2003, appellee, armed with an SKS rifle, threatened his ex-wife, demanding that she notarize a document that would permit appellee to take their four-year-old son to South Africa for three weeks. Apparently, his ex-wife notarized the document under duress. Thereafter, appellee went to South Africa with his son and current wife for three weeks. Four days after returning from South Africa, a search warrant was executed at his residence where an SKS rifle, the child's birth certificate, and passport were recovered. Ultimately, appellee pled guilty to attempted interference with custody, a first-degree misdemeanor, pursuant to a plea agreement.
 {¶ 3} On July 27, 2004, appellee filed an application for sealing the record under R.C. 2953.32. Appellant filed an objection arguing that appellee's conviction was not eligible for expungement because the alleged victim, appellee's son, was under 18 years of age. R.C. 2953.36(D).
 {¶ 4} The trial court held a hearing on March 14, 2005. Despite the fact that appellant had previously filed a written objection, appellant's counsel represented to the trial court that appellee's conviction was eligible for expungement. Following a similar representation by appellee's counsel, the trial court granted appellee's application.
 {¶ 5} Appellant appeals, assigning the following error:
THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR EXPUNGEMENT AS DEFENDANT WAS INELIGIBLE UNDER R.C. 2953.36.
 {¶ 6} Preliminarily, we note that "`[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right." State v. Simon (2000), 87 Ohio St.3d 531, 533, quotingState v. Hamilton (1996), 75 Ohio St.3d 636, 639. Expungement can be granted only when all statutory requirements for eligibility are met. In the Matter of White, Franklin App. No. 05AP-529, 2006-Ohio-1346, at ¶ 4 and 5. Moreover, "[a]n expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information."Simon at 533. Because expungement proceedings are not adversarial, the rules of evidence of do not apply. Id.
 {¶ 7} Specific statutory provisions govern the sealing of a record of conviction. See R.C. 2953.31 through 2953.36. At issue here is R.C. 2953.36, which identifies a number of convictions that are not eligible for expungement. R.C. 2953.36 provides in relevant part:
Section 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
(A) Convictions when the offender is subject to a mandatory prison term;
* * *
(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
(D) Convictions of an offense in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree or a felony[.]
 {¶ 8} Appellant argues that under R.C. 2953.36(A), (C), and (D), appellee's conviction is ineligible for expungement. Because it is dispositive of this appeal, we will first address the impact of R.C. 2953.36(D).
 {¶ 9} Appellee was originally indicted for abduction of his four-year-old son. Although appellee ultimately pled guilty to attempted interference with custody pursuant to a plea agreement, it is undisputed that the victim of the indicted offense (appellee's son) was less than 18 years of age. Appellant contends that this undisputed fact makes appellee's conviction ineligible for expungement. We agree.
 {¶ 10} The Supreme Court of Ohio in Simon, supra, held that a court must examine the underlying facts of the offense, rather than the crime to which the defendant ultimately pled, in assessing eligibility for expungement. In Simon, the court examined the defendant's eligibility for expungement under R.C.2953.36(A), which makes expungement inapplicable to convictions when the offense is subject to a mandatory prison term. The defendant in Simon was indicted on one count of felonious assault and one count of kidnapping, both containing firearm specifications. Had the defendant been convicted of these offenses, he would have received a mandatory prison sentence. However, the defendant ultimately pled guilty to an amended charge of assault and the firearm specifications were dropped. Therefore, the defendant was no longer subject to a mandatory prison term. In fact, the defendant was sentenced to a suspended six-month jail term and placed on three years' probation. Nevertheless, because the record clearly revealed that the defendant committed his crime with a firearm, the court found that the defendant was not eligible to have his record of conviction sealed.
 {¶ 11} In assessing a defendant's eligibility for expungement under R.C. 2953.36, Simon makes it clear that a trial court must examine the entire record to determine the facts surrounding the offense. The ultimate conviction resulting from a plea bargain is not the dispositive factor when analyzing eligibility under R.C. 2953.36.
 {¶ 12} Appellee argues that his ex-wife, not his son, was the victim of appellee's conviction for attempted interference with custody. Therefore, appellee contends that R.C. 2953.36(D) is inapplicable. We disagree. It is undisputed that the victim of the indicted offense (abduction) was his four-year-old son. This fact alone makes appellee's subsequent conviction for attempted interference with custody pursuant to a plea bargain ineligible for expungement under R.C. 2953.36(D).
 {¶ 13} Appellant also argues that because the underlying offense involved the use of a firearm, appellee committed an offense of violence and would have been subject to a mandatory prison sentence if convicted. Therefore, appellant contends that appellee's conviction also is ineligible for expungement under R.C. 2953.36(A) and (C). However, appellee appears to dispute that the offense involved the use of a firearm. The only mention of a firearm is in appellant's written objection to sealing appellee's record of conviction wherein appellant refers to allegations in the "felony packet." Upon review of the record, we find that the evidence is not clear enough for this court, on appeal, to determine whether the offense involved the use of a firearm. Without some supporting evidence, appellant's bare assertion is insufficient for us to determine whether appellee committed an offense of violence and would have been subject to a mandatory prison sentence if convicted. In this regard, we note that in Simon, the record clearly indicated that the defendant committed his crime with a firearm. Here, we are unable to clearly determine whether or not appellee committed the offense with a firearm. Therefore, we are unable to determine appellee's eligibility for expungement on this basis.
 {¶ 14} Appellee contends that appellant cannot challenge appellee's eligibility for expungement on appeal because during the expungement hearing, appellant's counsel represented to the trial court that appellee was eligible. We disagree.
 {¶ 15} It is well-established that if an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. White, supra, at ¶ 5 (if applicant is not eligible because applicant is not a first-time offender, the trial court lacks jurisdiction to grant the expungement); In the Matter of Barnes, Franklin App. No. 05AP-355, 2005-Ohio-6891, at ¶ 12; State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726, at ¶ 11. Moreover, an order expunging the record of one who is not eligible is void for lack of jurisdiction and may be vacated at any time. White, at ¶ 5;Barnes, at ¶ 13; McCoy, at ¶ 11.
 {¶ 16} Therefore, the state's affirmative representation to the trial court that appellee was eligible for expungement is immaterial as the court's lack of jurisdiction renders its order void.
 {¶ 17} Accordingly, for the foregoing reasons, we sustain the state's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this cause to that court with instructions to deny appellee's application for expungement.
Judgment reversed and cause remanded with instructions.
Petree and Brown, JJ., concur.