OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment entered by the Franklin County Court of Common Pleas granting defendant-appellee, Darnell S. Brewer's, motion to seal his record of conviction. Because appellee is not eligible to have his convictions expunged, we reverse.
 {¶ 2} On May 20, 2003, appellee entered guilty pleas to one count of attempted possession of criminal tools in violation of R.C. 2923.02 as it relates to R.C. 2923.24, and eight counts of attempted forgery in violation of R.C. 2923.02 as it relates to R.C. 2913.31, all first degree misdemeanors. The convictions arose from appellee writing checks on the account of Damon Porter. The conviction for attempted possession of criminal tools (counterfeit checks) was based on conduct occurring from September 3, 2000 to November 29, 2000. The convictions for attempted forgery were based on conduct occurring on September 3, 2000 (counts 4 and 5), September 4, 2000 (count 6), September 6, 2000 (count 7), September 9, 2000 (counts 8 and 9), and September 10, 2000 (counts 11 and 12). Each attempted forgery conviction was based upon appellee writing a check to a retail store on Damon Porter's account.
 {¶ 3} On October 4, 2005, appellee filed an application to seal the record of his convictions pursuant to R.C. 2953.32. The State opposed the application, contesting appellee's eligibility. The trial court granted the application.
 {¶ 4} The State appeals, assigning the following error:
 THE TRIAL COURT ERRED WHEN IT GRANTED THE APPLICATION FOR EXPUNGEMENT, THERE BEING INSUFFICIENT EVIDENCE TO SUPPORT THE CONCLUSION THAT DEFENDANT IS A "FIRST OFFENDER."
 {¶ 5} Preliminarily, we note that " `[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right." State v.Simon (2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton (1996),75 Ohio St.3d 636, 639. Expungement can be granted only when all statutory requirements for eligibility are met. In re White, Franklin App. No. 05AP-529, 2006-Ohio-1346, at ¶ 4-5. Moreover, "[a]n expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information." Simon, at 533; see, also,State v. Jithoo, Franklin App. No. 05AP-436, 2006-Ohio-4978.
 {¶ 6} Specific statutory provisions govern the sealing of a record of conviction. R.C. 2953.32(A)(1) provides that a "first offender" may apply to the sentencing court for the sealing of the conviction record at the expiration of one year after the offender's final discharge if convicted of a misdemeanor. The court receiving the application must set a date for a hearing and give the prosecutor an opportunity to file objections to the application. R.C. 2953.32(B). The court must then do each of the following in considering the application: (1) determine whether the applicant is a first offender; (2) determine whether there are no other criminal proceedings pending against the applicant; (3) determine whether the applicant has been rehabilitated to the satisfaction of the court; (4) if the prosecutor has filed an objection to the application, determine whether the prosecutor's objection is well-taken; and (5) weigh the interests of the applicant in having the conviction records sealed against the legitimate needs, if any, of the government in maintaining those records. R.C. 2953.32(C)(1).
 {¶ 7} In its sole assignment of error, the State contends that the trial court erred by granting appellee's application for expungement because appellee was not a "first offender" as defined in R.C. 2953.31(A). We agree.
 {¶ 8} R.C. 2953.31(A) states in relevant part that a first offender "means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Therefore, generally, only a person with a single conviction qualifies for expungement. However, the statutory framework creates exceptions to this general rule. The exception at issue here provides "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A). Appellee argues that his multiple convictions qualify under this exception.
 {¶ 9} We note that the exception really contains two distinct concepts — either of which qualify the applicant for expungement: (1) when two or more convictions result from or are connected with the same act; or (2) when two or more convictions result from offenses committed at the same time. Here, it is undisputed that appellee's convictions were not based on conduct that occurred at the same time. Therefore, appellee qualifies as a first offender under this exception only if his convictions "result from or are connected with the same act."
 {¶ 10} Whether an individual is a first offender is reviewed de novo by the appellate court. In re M.B. (June 29, 2000), Franklin App. No. 99AP-922. If the applicant is not a first offender, the court lacks jurisdiction to grant the expungement. State v. Kirtley (July 22, 1999), Cuyahoga App. No. 75901; In re White, supra, at ¶ 5; Jithoo, supra, at ¶ 15. Moreover, an order expunging a record of one who is not eligible is void for lack of jurisdiction and may be vacated at any time. Id. at ¶ 15; White at ¶ 5; In re Barnes, Franklin App. No. 05AP-355,2005-Ohio-6891, at ¶ 13; and State v. McCoy, Franklin App. No. 04AP-121,2004-Ohio-6726, at ¶ 11.
 {¶ 11} The State points out that the conduct that resulted in the eight attempted forgery convictions occurred over a span of approximately one week. The conduct that resulted in the attempted possession of criminal tools conviction occurred over a span of approximately three months. The State contends that these convictions are not sufficiently connected to qualify under the exception. We find the authorities cited by the State in support of its argument persuasive.
 {¶ 12} In State v. Bradford (1998), 129 Ohio App.3d 128, the State appealed the expungement of six counts of forgery and two counts of theft. The defendant, a K-Mart employee, took a credit card that a customer had left in the store and the next day made purchases at four separate stores. Even though the defendant's convictions were connected in the sense that they all related to the defendant's wrongful use of a single customer's credit card, the Bradford court found that the defendant did not qualify as a first offender:
 It is well established that for purposes of expungement under R.C. 2953.31(A), offenses of a similar nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity.
 * * *
Bradford committed theft on October 19, 1990. The next day, he forged six credit card slips in three different locations. It is clear that these separate acts committed in distinct locations do not merge into a single offense for expungement purposes.
Id. at 129-130.
 {¶ 13} Other courts addressing similar convictions for theft and forgery have reached the same conclusion. E.g., State v. Alandi (Nov. 15, 1990), Cuyahoga App. No. 59735 (offenses of theft and forgery occurring three weeks apart cannot be counted as one offense for purposes of sealing the record, State v. Cresie (1993),93 Ohio App.3d 67 (when a man attempted theft one day and forgery the next, he was not a first offender); State v. Vann, Perry App. No. 03-CA-6, 2003-Ohio-7275
(convictions for theft of checks and forgery involving the same victim but occurring two days apart did not have the connectedness required by R.C. 2953.31[A]).
 {¶ 14} In the case at bar, appellee's attempted forgery convictions were based on conduct that occurred on five separate days over a one week period of time. Appellee's attempted possession of criminal tools conviction was based on conduct occurring over a three-month period of time. We find that because these convictions were based upon separate and distinct acts that occurred on different days, the convictions do not merge into a single offense for expungement purposes. Bradford;Alandi; Cresie; and Vann. Therefore, appellee was not a first offender and the trial court lacked jurisdiction to grant the expungement under R.C. 2953.32.
 {¶ 15} Appellee relies heavily on State v. McGinnis (1993),90 Ohio App.3d 479, wherein the court held that the defendant's multiple convictions were sufficiently connected to warrant treatment as a single conviction under R.C. 2953.31(A). However, we find thatMcGinnis is distinguishable on its facts. In McGinnis, the applicant learned that his wife was having an affair. The applicant drove to the home of his wife's paramour, found his wife in the company of her paramour, and threw a brick through a window in the paramour's home. Immediately thereafter, the applicant went on a drinking spree which resulted in an OMVI conviction. The court found that both convictions (vandalism and OMVI) were the result of applicant's anguish and were logically connected. Therefore, the McGinnis court held that the applicant was a first offender and the trial court did not commit error in granting his application for expungement.
 {¶ 16} The facts in McGinnis are dramatically different from the conduct which resulted in appellee's multiple convictions. Here, the appellee's convictions were based on conduct occurring over a period of days. For the reasons previously noted, the convictions at issue in the case at bar are not sufficiently connected to warrant treatment as a single conviction under R.C. 2953.31(A).
 {¶ 17} Because appellee is not a first offender, the trial court lacked jurisdiction to grant the expungement. Therefore, we sustain the State's sole assignment of error and reverse the decision of the trial court.
 {¶ 18} The State also contends that appellee has a subsequent conviction for criminal trespassing on October 30, 2000. The state did not raise this conviction before the trial court. Appellee denies that he has been convicted of criminal trespassing. Appellee contends that the State has confused him with another Darnell S. Brewer. Although we are unable to discern from the documents attached to the briefs whether appellee is the same Darnell S. Brewer referred to in the pre-sentence investigation report, given that we have already determined that appellee is not a first offender, this issue is moot.
 {¶ 19} Based upon the foregoing, appellant's single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is hereby reversed.
Judgment reversed and cause remanded.
BRYANT and TRAVIS, JJ., concur.