[Cite as *State v. R.M.*, 2017-Ohio-7396.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104327

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## R.M.

DEFENDANT-APPELLEE

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-93-301491-ZA

**BEFORE:** Jones, J., Blackmon, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 31, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Paul V. Wolf
Paul V. Wolf Co.
50 Public Square, Suite 920
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Plaintiff-appellant, the state of Ohio, appeals the trial court's decision to grant defendant-appellee, R.M.'s,[1] application to seal his record of conviction. For the reasons that follow, we reverse.

{¶2} In 1993, R.M. was charged with abduction pursuant to R.C. 2905.02. He pleaded guilty to attempted abduction pursuant to R.C. 2923.02 and 2905.02 and was sentenced to one and one-half years in prison and a $2,500 fine. He filed a motion for shock probation, which was granted, and he was placed on four years of probation with conditions.

{¶3} In 2014, R.M. filed an application to seal his record. The state opposed the application and the court scheduled a hearing. The court granted R.M.'s application to seal his record, finding that no facts were presented to support that his underlying conviction was a crime of violence.

{¶4} The state filed a timely notice of appeal and in its sole assignment of error argues that "Ohio courts are prohibited from granting motions to expunge and seal records of criminal convictions that are offenses of violence." The state asserts that R.M. is not eligible to have the record of his conviction sealed because he was convicted of a crime that is statutorily defined as an offense of violence.

---

[1] It is this court's policy to refer to defendants who have had their criminal records sealed pursuant to R.C. 2953.32 by their initials.

**{¶5}** An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 10th Dist. Franklin No. 14AP-338, 2014-Ohio-4827, ¶ 6. However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025, ¶ 15, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6; *State v. Clemens*, 10th Dist. Franklin No. 14AP-945, 2015-Ohio-3153, ¶ 7.

**{¶6}** "'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.'" *Clemens* at ¶ 8, quoting *Koehler v. State*, 10th Dist. Franklin No. 07AP-913, 2008-Ohio-3472, ¶ 12. Expungement is a privilege, not a right; it is "an act of grace created by the state." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), citing *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996).

**{¶7}** R.C. 2953.32(A)(1) provides that, for a felony conviction, an offender may apply for sealing "at the expiration of three years after the offender's final discharge." A court may grant expungement only when all statutory requirements for eligibility are met. *State v. Brewer*, 10th Dist. Franklin No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. Franklin No. 05AP-529, 2006-Ohio-1346, ¶ 4-5.

**{¶8}** The Revised Code excludes certain criminal offenses from being expunged. R.C. 2953.36(A)(3) prevents the sealing of records of "[c]onvictions of an offense of violence when the offense is a * * * felony." The term "offense of violence" is not

defined in the specific code sections governing expungement, R.C. 2953.31 to 2953.36. An "offense of violence" is defined in R.C. 2901.01, the statute providing various terms for use in the Ohio Revised Code. R.C. 2901.01(A)(9)(a) states that abduction is an offense of violence. R.C. 2901.01(A)(9)(d) provides that "[a] conspiracy or *attempt* to commit * * * any offense under division (A)(9)(a)" is an "offense of violence." (Emphasis added.)

{¶9} As mentioned, R.M. pleaded guilty to attempted abduction. The trial court found that there were no facts in the record that supported that the attempted abduction was a crime of violence, and, on this basis, granted his application.

{¶10} Subsequent to briefing in this case, the Ohio Supreme Court held that attempted robbery is a crime of violence and one convicted of that criminal offense is ineligible to have his or her record of conviction sealed. *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 18. In *V.M.D.*, the Ohio Supreme Court noted:

> R.C. 2901.01(A)(9) provides the applicable definition of "offense of violence"; it includes "[a] violation of section * * * 2911.02," i.e., robbery. R.C. 2901.01(A)(9)(a). The fact that a conviction is for an attempt to commit an offense of violence is irrelevant — R.C. 2901.01(A)(9)(d) provides that "[a] conspiracy or attempt to commit * * * any offense under division (A)(9)(a)" also meets the definition of an "offense of violence."

*Id.* at ¶ 14. The court further determined that there was no room for statutory interpretation when analyzing the relevant statutory provisions. *Id.* at ¶ 16. The court rejected consideration of any other factors, such as an offender's age at the time of the crime, the facts underlying a case, or an offender's rehabilitation. *Id.* at ¶ 17, 18.

**{¶11}** Likewise, abduction is defined as a crime of violence in R.C. 2901.01(A)(9)(a). Thus, R.M.'s conviction for an "attempt" to commit abduction is "irrelevant" and his crime meets the definition of an offense of violence. Therefore, in accordance with *V.M.D.*, because R.M. was convicted of attempted abduction, which is a felony and is defined by the General Assembly as an offense of violence, R.C. 2953.36(A)(3) prohibits the sealing of his record of that conviction.

**{¶12}** The assignment of error is sustained.

**{¶13}** Judgment reversed; case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR