DECISION
{¶ 1} This is an appeal by appellant, the State of Ohio, from an order of the Franklin County Court of Common Pleas that granted an application to seal a record of conviction. No brief opposing the appeal has been filed.
 {¶ 2} On November 22, 2000, the Franklin County Grand Jury returned a three-count indictment against appellee, Joseph A. Reed, in case No. 00CR-6710. The indictment included one count of felonious assault, a felony of the second degree, and two counts of endangering children, respectively, felonies of the second and third degree. The endangering children counts alleged that the victim was eight years of age and, therefore, under the age of 18 at the time of the crimes.
 {¶ 3} It appears that appellee was represented by counsel and, at some point in the proceedings, entered a plea of guilty to the third count, endangering children, as a felony of the third degree.
 {¶ 4} What little record is available to us indicates that, on October 25, 2004, counsel who represented appellee during the original prosecution filed an application on appellee's behalf for expungement of the record of the conviction for endangering children.[1] Counsel alleged that appellee was a first offender as defined in R.C. 2953.31 and met all other qualifications for expungement as provided in R.C. 2953.32.
 {¶ 5} On January 24, 2005, the state filed a written objection to the application. The state alleged that appellee was not a first offender as required by R.C. 2953.31(A) because he had been convicted in 1996 of driving while intoxicated. The state also objected to expungement because, at the time of the offense, the victim was under the age of 18 and expungement was barred by R.C. 2953.36(D). Finally, the state challenged the application on the ground that it was filed prematurely; that the required three-year period after final discharge from probation was not set to expire until July 5, 2005. Attached to the objection were copies of what the prosecution represented were appellee's record of criminal convictions, maintained by the Ohio Bureau of Criminal Investigation and a traffic violation record reported by the Ohio Department of Motor Vehicles. The state requested a hearing on the objection.
 {¶ 6} On March 9, 2005, the trial court conducted a hearing on the application to seal the record of appellee's conviction for child endangering. Both counsel for the applicant and counsel for the state were present. Neither counsel addressed the state's objections. Following the hearing, the trial court granted the application. The state filed a timely notice of appeal from that judgment. The appeal presents a single assignment of error that reads as follows:
THE TRIAL COURT ERRED WHEN IT GRANTED THE APPLICATION FOR EXPUNGEMENT WHEN THE THAT [SIC] DEFENDANT IS NOT A "FIRST OFFENDER" AND WHEN THE EXPUNGEMENT IS BARRED BY R.C. 2953.36(D).
 {¶ 7} Expungement is a privilege, not a right. State v. Hamilton
(1996), 75 Ohio St.3d 636, at 640. Expungement of the record of a criminal conviction is governed by R.C. 2953.31 et seq. Expungement proceedings are not adversarial because the primary purpose of an expungement hearing is to gather information. State v. Simon (2000),87 Ohio St.3d 531, 533. The rules of evidence do not apply in an expungement hearing. Id. Expungement may be granted pursuant to statute only when all of the requirements for eligibility are met.
 {¶ 8} To invoke the jurisdiction of the trial court in proceedings brought under R.C. 2953.31 et seq., the applicant must be eligible for expungement and the offense must be one that is subject to expungement. To be eligible, an applicant must be a "first offender" as defined in R.C. 2953.31(A). Moreover, the offense must be subject to expungement and not excluded by R.C. 2953.36. Additionally, the application must not be filed until the time set by R.C. 2953.32(A)(1) has expired. Unless the application meets all of these requirements, the trial court lacks jurisdiction to grant an expungement.
 {¶ 9} One who has been convicted of operating a motor vehicle while intoxicated cannot qualify as a first offender under the statute. Statev. Sandlin (1999), 86 Ohio St.3d 165, syllabus. See R.C. 2953.31(A). Therefore, a conviction for operating a motor vehicle while intoxicated bars expungement of the record of another conviction, even if the other conviction resulted from the same act. Sandlin, supra; State v. May
(1991), 72 Ohio App.3d 664.
 {¶ 10} Additionally, R.C. 2953.36 excludes certain convictions from the operation of the expungement statutes. Expungement is not available if the conviction was for a felony or for a misdemeanor of the first degree and the victim was under 18 years of age. R.C. 2953.36(D).[2]
 {¶ 11} Finally, an application for expungement must comply with the time limitations of the statute. In the case of a conviction for a felony, the application may not be filed until three years have passed following the offender's final discharge. R.C. 2953.32(A)(1).
 {¶ 12} In this case, the state argues that the application failed on all three grounds. The attachments to the state's objection suggest that appellee was convicted of operating a motor vehicle while intoxicated in 1996. If true, appellee would not qualify as a first offender. Additionally, the state argues that appellee's conviction was for endangering children, a felony of the third degree, and the victim was alleged to be under the age of 18 at the time of the offense. If true, the exception provided in R.C. 2953.36 would bar expungement of appellee's record of conviction. Finally, the state claims that the application was filed prematurely and does not meet the time requirements for expungement.
 {¶ 13} There is no burden upon the state other than to object to an application for expungement where appropriate. Here, the state alleged that the applicant had a prior conviction that defeated his claim to be a first offender and rendered him ineligible for expungement. The state also asserted that expungement of appellee's conviction was barred by statute and that the application was filed prematurely.[3]
 {¶ 14} Ultimately, it is the responsibility of the trial court to determine whether an applicant is eligible to file for expungement of the record of a conviction. There must be sufficient information in the record to support the trial court's decision to grant an application for expungement. State v. Suel, Franklin App. No. 02AP-1158, 2003-Ohio-3299, at ¶ 12-14. A court may not infer jurisdiction. If the trial court fails to determine whether the applicant is a first offender and thereby fails to determine whether jurisdiction exists, the matter should be reversed and remanded to make that determination. State v. Geiger, Cuyahoga App. No. 82049, 2003-Ohio-4060, at ¶ 17.
 {¶ 15} In this case, it appears that appellee may not have been a first offender. The state alleged that appellee had been convicted of drunk driving and, therefore, could not qualify as a first offender. That allegation was not pursued by the state at the hearing below and the trial court did not address whether appellee met the definition of first offender. Ordinarily, where the record is insufficient to determine whether the applicant is eligible to apply for expungement, the matter will be reversed and remanded to complete that determination. Suel;Geiger, supra. However, in this case, it does not matter whether appellee qualified as a first offender because, as a matter of law, the offense involved is not one that is subject to expungement.
 {¶ 16} Appellee was charged in Count 3 of the indictment with child endangering as a felony of the third degree. R.C. 2919.22. Child endangering may involve a child under the age of 18, or a physically or mentally handicapped child under the age of 21. Count 3 alleged that the victim was less than 18 years of age at the time of the offense. Appellee's guilty plea to Count 3 of the indictment was a judicial admission that he had committed a felony offense and that the victim was under 18 years of age at the time of the offense. See State v. Guyton
(1984), 18 Ohio App.3d 101.
 {¶ 17} R.C. 2953.36(D) bars expungement for a felony offense involving a child under the age of 18. Hence, expungement of appellee's conviction was prohibited by statute and the trial court was without jurisdiction to consider the application. Accordingly, the state's single assignment of error is sustained. The judgment of the trial court is reversed and this matter is remanded with instructions to dismiss the application for expungement for want of jurisdiction.
Judgment reversed and remanded with instructions.
Bryant and French, JJ., concur.
[1] Because the trial court granted the request to expunge the record of appellee's conviction, the record below is sealed and we are in the anomalous position of having to review the action taken by the trial court without a full record of the proceedings to review. However, a transcript of the hearing on the expungement application is part of the record on appeal. Appellee appeared at that hearing with counsel. Counsel stated she was counsel at the time of the guilty plea in case No. 00CR-6710. Counsel for the state did not offer any evidence of appellee's record of convictions or, for that matter, make any comment in support of the state's objection to the application.
[2] The statutory law in effect at the time of the filing of an application for expungement is controlling. State v. LaSalle,96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus. R.C.2953.36(D) was effective March 23, 2000. 1999 S.B. 13. See State v.Campbell (Dec. 26, 2001), Scioto App. No. 01CA2776. The effective date of the amendment clearly predates both the indictment and the filing of the application for expungement.
[3] In its brief, the state acknowledges that its counsel failed to address the objections in the trial court below, notably, the lack of jurisdiction to proceed. The state argues that a party cannot waive a jurisdictional defect. Counsel is correct. A lack of jurisdiction may be noticed at any time and is not subject to waiver.