DECISION
{¶ 1} Appellant, State of Ohio (the "state"), appeals from a judgment of the Franklin County Court of Common Pleas that granted appellee Craig S. Barnes's application to seal a record of conviction. The state's appeal is unopposed.
 {¶ 2} On November 3, 2004, pursuant to R.C. 2953.32, appellee applied to seal the record contained in common pleas court case No. 00CR-03-1646, claiming that he was a first offender under R.C. 2953.31 and that he met the requirements for expungement under R.C. 2953.32. According to the evidence in that case, appellee was charged with carrying a concealed weapon; however, this charge was reduced to a misdemeanor of the first degree. (Tr. 2.)
 {¶ 3} Filing an objection on January 31, 2005, the state opposed appellee's application to seal the record and sought a hearing before the common pleas court. According to the state, the common pleas court lacked jurisdiction to consider appellee's application because, according to an investigation by the probation department, in 2000, appellee had been convicted of driving under the influence of alcohol, a violation of R.C.4511.19. Because appellee previously had been convicted of driving under the influence of alcohol, the state asserted that appellee was not a first offender as required by R.C. 2953.32.
 {¶ 4} On March 18, 2005, the common pleas court held a hearing to consider appellee's application. At this hearing, the assistant prosecuting attorney informed the court that the offenses for driving under the influence of alcohol and carrying a concealed weapon occurred on the same day (Tr. 4.), and he also agreed with the court that appellee was a "first offender." (Tr. 5.) Thereafter, finding that appellee was a first offender, the common pleas court ordered the sealing of all official records pertaining to appellee's conviction in common pleas case No. 00CR-03-1646. From this judgment, the state appeals and assigns a single error:
THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR EXPUNGEMENT AS DEFENDANT WAS NOT A "FIRST OFFENDER."
 {¶ 5} From a judgment granting a motion to seal records, the state has a direct right to appeal. State v. Bissantz (1987),30 Ohio St.3d 120, 121; see, also, State v. Netter (1989),64 Ohio App.3d 322, 323; State v. Glending (Oct. 8, 1998), Cuyahoga App. No. 74066, citing Netter, supra.
 {¶ 6} "[E]xpungement under R.C. 2953.32 is a postconviction relief proceeding, remedial in nature, and is governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." Bissantz, at 121. See State ex rel. Gains v. Rossi
(1999), 86 Ohio St.3d 620, 622, citing R.C. 1.11; Barker v.State (1980), 62 Ohio St.2d 35, 42 (stating that "the remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes"). Cf. Pepper Pikev. Doe (1981), 66 Ohio St.2d 374, paragraph two of the syllabus (holding that trial courts have authority to order expungement in unusual and exceptional circumstances where exercise of jurisdiction is appropriate and, when exercising this jurisdiction, a court should weigh the defendant's privacy interest against the government's legitimate need to maintain records of the criminal proceedings). But, see, State v. Weber
(1984), 19 Ohio App.3d 214, 216-217 (discussing Pepper Pike and stating that statutory expungement is the exclusive remedy for those convicted of an offense).
 {¶ 7} "`[E]xpungement is an act of grace created by the state,' and so is a privilege, not a right." State v. Simon
(2000), 87 Ohio St.3d 531, 533, quoting State v. Hamilton
(1996), 75 Ohio St.3d 636, 639. Therefore, "[e]xpungement should be granted only when all requirements for eligibility are met."Simon, at 533, citing Hamilton, at 640. "An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information." Simon, at 533, citing Hamilton, at 640.
 {¶ 8} "The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." State v. LaSalle, 96 Ohio St.3d 178, paragraph two of the syllabus. Pursuant to R.C. 2953.32(A)(1), under certain circumstances, a "first offender" may apply to the sentencing court for sealing of a conviction record. Under R.C.2953.32(A)(1), "[a]pplication may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor."
 {¶ 9} R.C. 2953.31(A) defines the term "first offender" as used in sections 2953.31 to 2953.36 of the Revised Code as follows:
"First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, for a violation of any section in Chapter 4507., 4510., 4511., 4513., or 4549. of the Revised Code, or for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction. However, a conviction for a violation of section 4511.19, 4511.251, 4549.02, 4549.021,4549.03, 4549.042, or 4549.62 or sections 4549.41 to 4549.46 of the Revised Code, for a violation of section 4510.11 or 4510.14
of the Revised Code that is based upon the offender's operation of a vehicle during a suspension imposed under section 4511.191
or 4511.196 of the Revised Code, for a violation of a substantially equivalent municipal ordinance, for a felony violation of Title XLV of the Revised Code, or for a violation of a substantially equivalent former law of this state or former municipal ordinance shall be considered a previous or subsequent conviction.
 {¶ 10} In State v. Sandlin (1999), 86 Ohio St.3d 165, the Supreme Court of Ohio considered "`whether a conviction for violation of R.C. 4511.19 which "shall be considered a previous or subsequent conviction" pursuant to R.C. 2953.31(A), precludes a defendant from satisfying the statutory definition of a "first offender" contained in R.C. 2953.31(A) even if the conviction sought to be expunged resulted from or was connected with the R.C. 4511.19 violation.'" Id. at 167. (Footnote omitted.) Construing a former version of R.C. 2953.31(A), the Sandlin
court held that "R.C. 2953.31 and 2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C. 4511.19, regardless of whether the R.C. 4511.19 conviction and the other conviction resulted from the same act." Id. at syllabus.
 {¶ 11} The Sandlin court observed that its interpretation of former R.C. 2953.31 was consistent with the General Assembly's intent as expressed through the expungement statutes. Id. at 168. The Sandlin court explained that "[p]rior to 1984, R.C. 2953.31
defined the `first offender' as `anyone who had not been convicted of any offense, which must be construed to include traffic violations and drunk driving.'" Id., quoting State v.Yackley (1989), 43 Ohio St.3d 181, 182. (Emphasis sic.) Thus, according to Sandlin, "a relatively minor conviction (such as speeding) could act as a bar to expungement of another conviction." Sandlin, at 168, citing Yackley, at 182. However, as explained by the Sandlin court, "[w]hen the General Assembly amended the statute, it exempted minor traffic offenses from acting as such a bar, but it specified that a conviction under R.C. 4511.19 would continue to bar a conviction under another offense." Id. at 168, citing 140 Ohio Laws, Part I, 2382, 2383. The Sandlin court further explained that "[t]he exemption found in R.C. 2953.31(A) and the specific bar to expungement of any convictions of DUI contained in R.C. 2953.36 show how seriously the General Assembly considers the offense of driving while under the influence of alcohol." Id. at 168.
 {¶ 12} In the present case, attached to its objection, the state appended an uncertified copy of appellee's criminal history record that shows appellee was convicted of "OVI" on March 14, 2000. See, generally, R.C. 4511.19 (driving while under the influence of alcohol or drugs). Because on March 14, 2000, appellee was convicted of "OVI," presumably a violation of R.C.4511.19, we conclude that appellee is precluded from satisfying the statutory definition of "first offender" under R.C.2953.31(A). R.C. 29531.31(A); Sandlin, supra, at syllabus. Moreover, because for purposes of R.C. 2953.31(A) and 2953.32(A) appellee is not a "first offender," we also conclude that the trial court lacked jurisdiction to grant appellee's request for expungement. See State v. McCoy, Franklin App. No. 04AP-121,2004-Ohio-6726, at ¶ 11 (stating that "[i]f the applicant is not a first offender, the trial court lacks jurisdiction to grant an expungement").
 {¶ 13} We acknowledge, however, that the state was present at the expungement hearing and it failed to object to the common pleas court's grant of expungement. (Tr. 5.) Nevertheless, "[d]espite the state's failure to renew its objection at the expungement hearing, the issue is appropriately considered on appeal, as the first requirement of R.C. 2953.32 is jurisdictional." McCoy, at ¶ 11, citing State v. Winship,
Franklin App. No. 04AP-384, 2004-Ohio-6360. "As a result, an order expunging the record of one `who is not a first offender is void for lack of jurisdiction and may be vacated at any time.'"McCoy, at ¶ 11, citing Winship, citing State v. Thomas
(1979), 64 Ohio App.2d 141, 145. Therefore, "[t]he prosecution's failure to object is immaterial, as the court's lack of jurisdiction renders its order void." McCoy, at ¶ 11, citingWinship.
 {¶ 14} Finally, although "the enactment of R.C. 2953.31 did not abrogate the judicial remedy of expungement in exceptional circumstances, such relief is not available to a person who has been convicted of an offense." State v. Davidson, Franklin App. No. 02AP-665, 2003-Ohio-1448, at ¶ 15; see, also, State v.Bailey, Franklin App. No. 02AP-406, 2002-Ohio-6740, at ¶ 8. "When there has been a conviction, only statutory expungement is available." Davidson, at ¶ 15. Here, as discussed above, because appellee was previously convicted of "OVI," the judicial remedy of expungement is unavailable to appellee. Furthermore, as discussed above, statutory expungement also is unavailable to appellee.
 {¶ 15} Accordingly, for the foregoing reasons, we sustain the state's sole assignment of error and therefore reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court with instructions to dismiss appellee's application for expungement.
Judgment reversed; cause remanded with instructions.
Klatt and McGrath, JJ., concur.