JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals the trial court's granting Faye Silver's (Silver) application for expungement of her criminal conviction record. After reviewing the facts of the case and pertinent law, we reverse and remand.
 I. {¶ 2} On October 16, 1980, Silver pled guilty to one count of aggravated robbery in violation of R.C. 2911.01. After almost 25 years without another offense, Silver applied to have her record sealed on June 20, 2005. The court held a hearing and, on August 29, 2005, granted Silver's application.
 II. {¶ 3} In its sole assignment of error, the state argues that "a trial court errs in granting a motion to seal the record of conviction when it is without jurisdiction to grant said motion to an applicant who was convicted of a crime of violence, not allowed by R.C. 2953.36." The standard of review for an appellate court addressing an application to seal a record of conviction is abuse of discretion. State v. Hilbert (2001),145 Ohio App.3d 824. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 4} To qualify for expungement, an applicant must meet the requirements of R.C. 2953.32, such as being a first-time offender and being rehabilitated to the satisfaction of the court, and the interest of the applicant in having his or her record sealed must outweigh the interest of the government in maintaining that record. However, expungement is not available for certain offenses listed in R.C. 2953.36. Specifically, R.C. 2953.36(C) states that convictions of an offense of violence are not eligible for expungement. Pursuant to R.C. 2901.01, aggravated robbery in violation of R.C. 2911.01 is an offense of violence.
 {¶ 5} R.C. 2953.36 became effective March 23, 2000. See, 1999 S.B. 13; State v. Reed, Franklin App. No. 05AP-335, 2005-Ohio-6251. The Ohio Supreme Court has held that "the statutory law in effect at the time of the filing of an R.C.2953.32 application to seal a record of conviction is controlling." State v. Lasalle, 96 Ohio St.3d 178, 183, 2002-Ohio-4009.
 {¶ 6} In the instant case, Silver was convicted of aggravated robbery well before the legislature deemed that offense unexpungeable; however, she filed her application to seal on June 20, 2005, and pursuant to the law at the time of filing, the court was without jurisdiction to consider the application. Accordingly, the state's single assignment of error is sustained.
 {¶ 7} The judgment is reversed and the matter remanded with instructions to dismiss the application for expungement for want of jurisdiction.
 {¶ 8} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Sweeney, J., concur.