OPINION
{¶ 1} Plaintiff-appellant, State of Ohio ("state"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted the application to seal the record of conviction of defendant-appellee, Jacob Earl Menzie ("Menzie") in case No. 98CR12-7264.
 {¶ 2} On December 30, 1998, the Franklin County Grand Jury indicted Menzie on one count of pandering obscenity involving a minor, in violation of R.C. 2907.321, a felony of the fourth degree; one count of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322, a felony of the fifth degree; and one count of illegal use of a minor in a nudity oriented material or performance, a violation of R.C. 2907.323, a felony of the fifth degree.
 {¶ 3} On May 12, 1999, pursuant to a plea agreement with the state, Menzie pled guilty to the stipulated lesser included offense of Count One of the indictment, to wit: disseminating matter harmful to juveniles, in violation of R.C. 2907.31, a misdemeanor of the first degree. At the state's request the court entered a nolle prosequi as to the remaining counts of the indictment. The court imposed a suspended six-month jail sentence, placed Menzie on three years of probation, ordered payment of a fine and costs, and ordered that Menzie complete sexually oriented counseling and 80 hours of community service.
 {¶ 4} Menzie's period of probation ended on May 12, 2002. On March 29, 2005, Menzie filed an application to seal the record of his conviction, pursuant to R.C. 2953.32. On December 20, 2005, the state filed an objection to the application. On February 22, 2006, the trial court held a hearing on the matter. By entry journalized the same day, the court granted the application. The state appealed and advances one assignment of error for our review:
 THE DEFENDANT WAS INELIGIBLE TO HAVE THE RECORD OF HIS CONVICTION SEALED BECAUSE THE VICTIM OF THE OFFENSE WAS LESS THAN EIGHTEEN YEARS OF AGE.
 {¶ 5} Generally, this court reviews a trial court's disposition of an application for sealing of record for an abuse of discretion. State v.Hilbert (2001), 145 Ohio App.3d 824, 827, 764 N.E.2d 1064. An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,5 OBR 481, 450 N.E.2d 1140. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. State v. Derugen (1996), 110 Ohio App.3d 408, 410, 674 N.E.2d 719.
 {¶ 6} The expungement procedure set forth in R.C. 2953.31 et seq., creates a civil remedy. State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, ¶ 19, 772 N.E.2d 1172. " `"Expungement is an act of grace created by the state," and so is a privilege, not a right.'State v. Simon (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041, quotingState v. Hamilton (1996), 75 Ohio St.3d 636, 639, 665 N.E.2d 669. Therefore, `"expungement should be granted only when all requirements for eligibility are met."' Simon, at 533, citing Hamilton, at 640. `An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information.' Simon, at 533, citingHamilton, at 640." In re Barnes, 10th Dist. No. 05AP-355,2005-Ohio-6891, ¶ 7.
 {¶ 7} The applicant must meet the statutory eligibility criteria in order to invoke the court's jurisdiction to expunge a conviction. "There is no burden upon the state other than to object to an application for expungement where appropriate." State v. Reed, 10th Dist. No. 05AP-335, 2005-Ohio-6251, ¶ 13. Applicants whose conviction falls within any category of R.C. 2953.36 are ineligible for expungement.Simon, supra, at 533.
 {¶ 8} Relevant here, an offender is not eligible for expungement with respect to any conviction of an offense "in circumstances in which the victim of the offense was under eighteen years of age when the offense is a misdemeanor of the first degree * * *." R.C. 2953.36(D). The state argues that appellant's conviction was ineligible for expungement because the circumstances of his conviction involve a victim under the age of 18.
 {¶ 9} Appellant pled guilty and was convicted of disseminating matter harmful to juveniles, in violation of R.C. 2907.31, which provides, in pertinent part:
 (A) No person, with knowledge of its character or content, shall recklessly do any of the following: (1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles; (2) Directly offer or agree to sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles; (3) While in the physical proximity of the juvenile or law enforcement officer posing as a juvenile, allow any juvenile or law enforcement officer posing as a juvenile to review or peruse any material or view any live performance that is harmful to juveniles.
 {¶ 10} The statute provides that if the material or performance involved is harmful to juveniles, then the offense is a first-degree misdemeanor, and if the material or performance involved is obscene, then the offense is a fifth-degree felony. R.C. 2907.31(F). Thus, by pleading guilty to a violation of R.C. 2907.31 as a first-degree misdemeanor, appellant admitted that his offense involved material that was harmful to juveniles. Indeed, at the expungement hearing, Menzie's attorney advised the court that the circumstances of the conviction involved officers from The Ohio State University police discovering pornographic images of juvenile-looking females on the hard drive of Menzie's computer.
 {¶ 11} The state argues that appellant's plea of guilty operates as a judicial admission that the victim of his offense was a juvenile, defined for purposes of R.C. 2953.31 et seq. as, "an unmarried person under the age of eighteen." R.C. 2907.01(I). For support of this proposition, the state cites the case of State v. Reed, 10th Dist. No. 05AP-335, 2005-Ohio-6251, in which this court held that a plea of child endangering, in a case in which it was alleged that the victim was less than 18 years of age, was "a judicial admission that * * * the victim was under 18 years of age at the time of the offense." Id. at ¶ 16.
 {¶ 12} Moreover, the state contends, the court is permitted to go beyond the plea to determine from the underlying facts whether the circumstances of the conviction involved a victim under the age of 18.State v. Norfolk, 10th Dist. No. 04AP-614, 2005-Ohio-336. The state also directs our attention to State v. Simon (2000),87 Ohio St.3d 531, 721 N.E.2d 1041, in which the Supreme Court of Ohio held, "whether an applicant for the privilege of expungement meets all of the requisite criteria for eligibility is determined not only by examining the plea ultimately entered, but rather by also reviewing the events that resulted in the original charges." Id. at 533.
 {¶ 13} The state's position is well-taken. The record clearly indicates that Menzie's conviction arose out of his possession of pornography, and his guilty plea operates as a judicial admission that his conviction involved material harmful to juveniles. His mere possession of the material victimizes juveniles because child pornography is not a victimless crime. "Both the Supreme Courts of the United States and Ohio have unequivocally found that children are seriously harmed by the mere possession of pornography in which they are depicted." State v. Maynard (1999), 132 Ohio App.3d 820, 827,726 N.E.2d 574, citing State v. Meadows (1986), 28 Ohio St.3d 43,28 Ohio St.3d 354, 28 OBR 146, 503 N.E.2d 697 ("[C]hild pornography involves, by its nature, the physical, mental and sexual abuse, seduction and harmful exploitation of children.") See, also, Osborne v. Ohio (1990),495 U.S. 103, 109, 110 S.Ct. 1691, 109 L.Ed.2d 98 ("[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.")
 {¶ 14} Moreover, Menzie's guilty plea to disseminating matter harmful to juveniles operates as a judicial admission that he sold, delivered, furnished, disseminated, provided, exhibited, rented, or presented to a juvenile material that is harmful to juveniles, that he offered to do any of these things, or he allowed a juvenile to view material harmful to juveniles. Reed, supra.
 {¶ 15} It is well-established that if an applicant's conviction is not eligible for expungement, the trial court lacks jurisdiction to grant the requested relief. In re Jithoo, 10th Dist. No. 05AP-436, 2006-Ohio-4978, ¶ 15. Because Menzie's conviction arose from circumstances in which the victim was a juvenile, his conviction is ineligible for expungement. Therefore, the trial court lacked jurisdiction to grant his application.
 {¶ 16} For the foregoing reasons, the state's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to deny Menzie's application for expungement and to unseal the record of his conviction.
Judgment reversed, cause remanded with instructions.
BRYANT and McGRATH, JJ., concur.