DECISION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas denying its motion to vacate an entry granting the expungement application of defendant-appellee, Kim D. Smith/Groggs ("Smith"). Because the trial court did not abuse its discretion in finding the state's motion to vacate untimely, we affirm.
 {¶ 2} On April 11, 2002, Smith filed an "Application for Sealing of Record," seeking to expunge all official records of her convictions in Franklin County Common *Page 2 
Pleas case Nos. 93CR-12-7323 and 97CR-12-6783. On July 2, 2002, the state objected to the application because Smith was not a "first offender" as defined by R.C. 2953.31(A), thereby rendering her ineligible for expungement pursuant to R.C. 2953.32. In support of the objection, the state submitted a Bureau of Criminal Identification and Investigation ("BCI") document showing Smith was twice separately arrested and convicted.
 {¶ 3} According to the BCI document, Smith was arrested on October 16, 1993 for carrying a concealed weapon, a third-degree felony, drug abuse, a minor misdemeanor, and receiving stolen property, a first-degree misdemeanor. Smith pled guilty on April 15 and 25, 1994 to carrying a concealed weapon, a first-degree misdemeanor, and disorderly conduct, a minor misdemeanor. The BCI document also shows Smith was arrested on September 3, 1997 for forgery and possession of criminal tools, both fifth-degree felonies, and later was convicted on two counts of forgery, first-degree misdemeanors.
 {¶ 4} The trial court conducted a hearing on Smith's application on August 15, 2002, but a transcript of the hearing was not made a part of the record. By entry filed on August 16, 2002, the trial court found Smith was a first offender, no criminal proceedings were pending against her, and sealing her record of convictions in case Nos. 93CR-12-7323 and 97CR-12-6783 was consistent with public interest. The trial court therefore ordered sealed all official records pertaining to Smith's convictions. On the bottom corner of the entry, the court handwrote: "Ms. Smith has only one offense/ her soc sec # has been repeated [sic] used by another unknown person/ this is [sic] unknown offense is standing in way of an adoption of a 7 yr old daughter by she + her husband. Ms. Smith *Page 3 
clearly meets all the criteria for expungement and is rehabilitated." The state did not appeal the court's judgment granting Smith's application for expungement.
 {¶ 5} Nearly four years later, an Ohio assistant attorney general requested the state to revisit the expungement entry sealing Smith's convictions. The assistant attorney general stated she reviewed the fingerprint cards from both of Smith's arrests and believed the similarities between the fingerprints may disprove Smith's assertion that someone else used her social security number when she was arrested for the 1993 offenses. The assistant attorney general recommended the state "further investigate]" the court's basis for finding Smith to be a first offender and seek to vacate the expungement entry "if it was improperly sealed."(Letter from Ohio Attorney General to BCI of 5/18/06.)
 {¶ 6} The state reviewed the fingerprint cards from both arrests and concurred with the assistant attorney general's assessment. On October 2, 2006, it filed its motion to vacate the expungement of Smith's convictions and attached in support the assistant attorney general's letter and copies of the fingerprint cards. The state argued the court lacked jurisdiction to grant Smith's expungement application because she was not a statutorily eligible first offender. The state contended that, absent jurisdiction, the court's expungement entry was void and may be vacated at any time. Smith did not file a response.
 {¶ 7} The trial court denied the state's motion because it found the assistant attorney general's inconclusive statements and lack of expertise in fingerprint analysis lacked credibility to support the relief sought. The court further found the state's motion untimely pursuant to the procedural requirements of Civ.R. 60(B). Observing that a motion to vacate is not a substitute for appeal, the court stated that if the state disagreed *Page 4 
with the court's finding Smith was a victim of identity fraud in 2002, the state was obligated to appeal at that time or, at the very least, immediately seek the new evidence and submit a timely Civ.R. 60(B) motion. The state appeals, assigning two errors:
 FIRST ASSIGNMENT OF ERROR
 AS CIVIL RULE 60(B) DOES NOT BAR THE STATE FROM SEEKING TO VACATE AN IMPROPER EXPUNGEMENT ORDER, THE TRIAL COURT ERRED BY DENYING THE STATE'S MOTION TO VACATE
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY DENYING THE STATE'S MOTION
 {¶ 8} Because the state's two assignments of error are interrelated, we discuss them together. In them, the state contends that because Smith does not qualify as a "first offender" under R.C. 2953.31, she is ineligible to have her record sealed pursuant to R.C. 2953.32. The state therefore concludes that the trial court's order expunging Smith's record is void as a matter of law for lack of jurisdiction and may be vacated at any time without regard to the time limitations set forth in Civ.R. 60(B).
 {¶ 9} Jurisdiction refers to "the courts' statutory or constitutional power to adjudicate the case." Pratts v. Hurley, 102 Ohio St.3d 81,2004-Ohio-1980, ¶ 11, quoting Steel Co. v. Citizens for a BetterEnvironment (1998), 423 U.S. 83, 89; Morrison v. Steiner (1972),32 Ohio St.2d 86, 87. The term encompasses jurisdiction over the subject matter and over the person. Id. Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void."Pratts, supra, quoting *Page 5 United States v. Cotton (2002), 535 U.S. 625, 630; Patton v. Diemer
(1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
 {¶ 10} Jurisdiction, however, also refers to a court's exercising its jurisdiction over a particular case. Pratts, at ¶ 12. Jurisdiction over a particular case encompasses the trial court's authority to determine a specific case within the class of cases that is within its subject matter jurisdiction. Id. When a trial court lacks subject matter jurisdiction, its judgment is void; lack of jurisdiction over the particular case merely renders the judgment voidable. Id.
 {¶ 11} The court of common pleas has original subject matter jurisdiction over all justiciable matters, including all crimes and offenses committed by an adult and the post-conviction expungement applications submitted from them. Section 4(B), Article IV, Ohio Constitution; R.C. 2931.03 and 2953.32. The state does not dispute that Smith properly applied to seal her conviction record in the court of common pleas, the court that originally sentenced her for her previous convictions. Rather, it contends the court lacked jurisdiction because Smith was not a first offender eligible to have her conviction records sealed pursuant to R.C. 2953.32. In support of its argument, the state cites various cases where this court held that an order expunging the record of one "who is not a first offender is void for lack of jurisdiction and may be vacated at any time." State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726, ¶ 11. See, also, State v.Winship, Franklin App. No. 04AP-384, 2004-Ohio-6360, ¶ 9; In reBarnes, Franklin App. No. 05AP-355, 2005-Ohio-6891, ¶ 13.
 {¶ 12} Although the McCoy, Winship, and Barnes' courts combined the word "void" with "jurisdiction," the cases do not stand for the proposition that a court lacks subject *Page 6 matter jurisdiction over an expungement applicant who is not a first offender. Each case was properly commenced in the court of common pleas. Instead, in each case the resulting expungement orders were voidable, not void, for the trial court's lack of jurisdiction over the particular case. Because the judgments in those cases were properly challenged on direct appeal, the court had the necessary power to "void" the "voidable" judgments. The cited proposition of law was therefore appropriate for the particular facts of each case.
 {¶ 13} In McCoy, Winship, and Barnes, this court relied on State v.Thomas (1979), 64 Ohio App.2d 141, 145, for the quoted proposition, but the reliance was unnecessary to support our conclusions, as the matter in Thomas was not before the court on direct appeal. In Thomas, the state filed a motion to vacate a two-year-old expungement order after it received a letter from the Parma Police Department stating the former applicant was not a first offender. The trial court granted the motion upon the stipulation that the former applicant had a prior misdemeanor record; the former applicant appealed the order on the ground that it was untimely. The Eighth District Court of Appeals interpreted the newly-enacted expungement statutes and determined an applicant's status as a first offender is a jurisdictional requirement necessary to seal a conviction record. The court declared the expungement order void and stated it "must be vacated, the court having lacked jurisdiction to grant the expungement in the first place." Id. at 145.
 {¶ 14} Although the facts of this case are similar to those inThomas, the Thomas court's jurisdictional interpretation of R.C. 2953.32
was without the benefit of the recently announced Supreme Court cases explaining the difference between subject matter *Page 7 
jurisdiction and jurisdiction over a particular case. See Pratts; In reJ.J., 111 Ohio St.3d 205, 2006-Ohio-5484. The Supreme Court cases control resolution of this case.
 {¶ 15} According to R.C. 2953.32(A), an applicant must be a "first offender" in order to qualify for expungement. R.C. 2953.31 (A) defines a first offender as one who has been convicted of an offense but "who previously or subsequently has not been convicted of the same or a different offense." A subsequent finding that an applicant is not a first offender, however, does not divest the court of subject matter jurisdiction so that the expungement order is void ab initio. SeePratts, ¶ 24 (finding trial court's failure to adhere to R.C. 2945.06's mandate to convene a three-judge panel when a defendant is charged with a death-penalty offense and waives the right to a jury does not divest a court of subject matter jurisdiction so as to render the judgment void ab initio). Instead, it constitutes an error in the court's exercise of jurisdiction over a particular case, which is voidable either by way of direct appeal or pursuant to the provisions of Civ.R. 60(B). Id; see, also, State ex rel. Sautter v. Grey, Morrow App. No. 06-CA-6,2007-Ohio-1831, ¶ 32.
 {¶ 16} Because the state did not appeal the expungement order sealing Smith's conviction record, the issue resolves to whether the state properly challenged the expungement order pursuant to the provisions of Civ.R. 60(B). In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1) through (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Elec. v. ARCIndustries *Page 8 
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A movant is not entitled to relief if any one of the GTE requirements is not met.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
 {¶ 17} An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion under an abuse of discretion standard. Harris v.Anderson, 109 Ohio St.3d 101, 2006-Ohio-1934; State ex rel. Russo v.Deters (1997), 80 Ohio St.3d 152, 153; Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 107; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
 {¶ 18} The state asserts that if this court finds Civ.R. 60(B) applicable, the trial court erred by applying the grounds stated in Civ.R. 60(B)(3) related to fraud, misrepresentation, or other misconduct of an adverse party. The state contends the trial court instead should have applied the catch-all provision of Civ.R. 60(B)(5), which allows for relief based on "fraud upon the court." Coulson v. Coulson (1983),5 Ohio St.3d 12, 15; see, also, Staff Notes to Civ.R. 60(B) (stating a court might utilize the catch-all provision to vacate a judgment vitiated by a fraud upon the court which differs from Rule 60(B)(3), fraud or misrepresentation by an adverse party). By seeking to vacate the judgment through Civ.R. 60(B)(5), the state attempts to avoid the one-year time constraints that attach to a Civ.R. 60(B)(3) motion and instead to employ the "reasonable time" filing requirements under Civ.R. 60(B)(5). Even if we were to find the state's motion based upon Civ.R. 60(B)(5) rather than 60(B)(3), the state nevertheless fails to satisfy the *Page 9 
third prong of the GTE test. Although the state was immediately aware of the trial court's reason for granting Smith's expungement application, the state did not appeal. Rather, it waited almost four years before filing its Civ.R. 60(B) motion and failed to provide any explanation for the excessively long delay. Given the unexplained delay, the trial court was within its discretion to deny the state relief from judgment due to the untimeliness of the motion. Accordingly, we overrule the state's two assignments of error.
 {¶ 19} Having overruled the state's first and second assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1