OPINION
{¶ 1} Appellant, the State of Ohio ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas denying its motion to vacate an order granting the application of appellee, Michael D. Bowers ("appellee"), to seal the record of his conviction in case No. 96CR-483. For the reasons that follow, we reverse the trial court's judgment. *Page 2 
 {¶ 2} On November 26, 2003, appellee filed an application to seal the record of his convictions in case No. 96CR-483, in which appellee had been convicted on three charges of drug trafficking, each third-degree felonies. The criminal history report prepared by the probation department incorrectly stated that appellant had been convicted of second-degree felonies. The criminal history report showed no other convictions, and appellee's application listed no other convictions.
 {¶ 3} Appellant objected on the basis that appellee's second-degree felony convictions were not subject to being sealed. The trial court granted the application to seal the record in an entry filed April 21, 2004, which was not signed by an assistant prosecuting attorney. Subsequently, the trial court signed an amended entry reflecting the correct degree of the felonies for which appellee had been convicted in case No. 96CR-483. This entry was signed by an assistant prosecuting attorney. Appellant did not file a direct appeal of the trial court's order.
 {¶ 4} In May 2006, the Ohio Attorney General's office informed the Franklin County Prosecuting Attorney's office that appellee did not qualify as a first offender for purposes of having the record of his convictions sealed because appellee had a prior conviction for obstructing official business in 1979. Appellant filed a motion to vacate the order sealing the record of appellee's convictions, arguing that the trial court lacked jurisdiction to issue the order because appellee was not a first offender for purposes of R.C. 2953.32.
 {¶ 5} The trial court treated appellant's motion to vacate as a motion for relief from judgment pursuant to Civ.R. 60(B). The court held a brief hearing, and denied appellant's motion on the grounds that it had not been filed within one year of the date of *Page 3 
the judgment from which appellant sought relief. Appellant then filed this appeal, alleging two assignments of error:
 FIRST ASSIGNMENT OF ERROR
 AS CIVIL RULE 60(B) DOES NOT BAR THE STATE FROM SEEKING TO VACATE AN IMPROPER EXPUNGEMENT ORDER, THE TRIAL COURT ERRED BY DENYING THE STATE'S MOTION TO VACATE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY DENYING THE STATE'S MOTION.
 {¶ 6} The two assignments of error are interrelated, and will therefore be addressed together. We have repeatedly held that a court has no jurisdiction to order that a record of a criminal conviction be sealed where the applicant is not a first offender as defined in R.C.2953.31(A). State v. Winship, Franklin App. No. 04AP-384,2004-Ohio-6360; State v. McCoy, Franklin App. No. 04AP-121,2004-Ohio-6726; In re Barnes, Franklin App. No. 05AP-355,2005-Ohio-6891.
 {¶ 7} The question then is whether appellant followed the proper procedure to challenge the court's order sealing appellee's record of conviction after having failed to file a direct appeal from that order. Appellant filed a motion to vacate the order, but the trial court treated the motion instead as one seeking relief from judgment pursuant to Civ.R. 60(B), and denied the motion on the grounds that it was not timely filed.
 {¶ 8} Resolution of this question turns on whether the trial court's order sealing a record of conviction of an applicant who was not a first offender is void or voidable. A court's authority to vacate a void judgment is derived from a court's inherent powers; therefore, a motion seeking to vacate a void order is not subject to Civ.R. 60(B).Patton v. *Page 4 Diemer (1988), 35 Ohio St.3d 68, 518 N.E.2d 941. In Winship, McCoy, andBarnes, we held that orders sealing a record of conviction of a person who is not a first offender are void, and may therefore be challenged and vacated at any time. Winship, supra, at ¶ 9; McCoy, supra, at ¶ 11;Barnes, supra, at ¶ 13.
 {¶ 9} However, this court has since examined this precise issue and held that such orders are voidable rather than void, and can therefore be challenged only through a direct appeal or through a motion for relief from judgment pursuant to Civ.R. 60(B). State v. Smith, Franklin App. No. 06AP-1059, 2007-Ohio-2873; see, also, In re Hawkins, Franklin App. No. 06AP-882, 2007-Ohio-4313. Appellant did not seek to appeal our decision in Smith.
 {¶ 10} We also note that at the time we decided Winship, McCoy, andBarnes, other Ohio appellate districts had already reached the conclusion we subsequently reached in Smith and held that an order sealing a record of conviction for a person who was not eligible to have the record sealed is voidable rather than void, and therefore may not be attacked by the state by way of a motion to vacate. State v.Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, 2001 Ohio App. LEXIS 1195, discretionary appeal not allowed, 92 Ohio St.3d 1449,751 N.E.2d 486; State v. Powers, Fairfield App. No. 02 CA 39, 2002-Ohio-6672.
 {¶ 11} Under the doctrine of stare decisis, we are compelled to follow our decision in Smith. Consequently, the proper method for appellant to have challenged the trial court's issuance of the order sealing the record of appellee's conviction was the filing of a motion under Civ.R. 60(B). In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate: (1) it has a meritorious defense or claim to present if relief is granted; *Page 5 
(2) it is entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, which is not to exceed one year after the date the order was entered when the basis for relief is one of the grounds listed in Civ.R. 60(B)(1) through (3). GTE Automatic Elec, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Generally, a trial court's decision denying a Civ.R. 60(B) motion is reviewed under the abuse of discretion standard. Harris v. Anderson,109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43.
 {¶ 12} After converting appellant's motion to vacate into a motion for relief from judgment, the trial court summarily denied the motion on the grounds that the motion had to have been filed within one year of the date of the issuance of the order sealing the record of appellee's conviction. In so deciding, the court apparently assumed that the only grounds that could have provided a basis to grant relief would have been those listed in Civ.R. 60(B)(1) through (3). On appeal, appellant argues that it could be entitled to relief from judgment under Civ.R. 60(B)(5), which does not require that the motion be filed within one year, so long as the motion is still filed within a reasonable time.
 {¶ 13} Appellant did not attempt to argue the applicability of Civ.R. 60(B)(5) at the hearing held on its motion to vacate, instead standing on its argument that the order sealing the record of appellee's conviction was void and could therefore be vacated at any time. At that point, appellant's position was a reasonable one, because we had not yet decided Smith, and under Winship, McCoy, and Barnes, appellant's argument that the order was void would have been correct if appellant had established that appellee was not a first offender. *Page 6 
 {¶ 14} In Smith, we concluded that even if the state could have established that it was entitled to relief under Civ.R. 60(B)(5), the motion could not have been timely because of the nearly four and a half years that had elapsed since the court had ordered the record of conviction sealed, and the fact that the face of the application in that case had shown that the applicant had additional convictions on her record. In this case, the amount of time that elapsed before appellant filed its motion was considerably shorter, and appellee did not list his 1979 conviction on his application. As a result, we cannot conclude that appellant cannot under any circumstances establish entitlement to relief from judgment under Civ.R. 60(B).
 {¶ 15} Consequently, we find the trial court abused its discretion when it converted appellant's motion to vacate into a motion for relief from judgment, and then denied the motion as untimely without considering whether appellant could be entitled to relief from judgment under Civ.R. 60(B)(5). Therefore, we sustain appellant's assignments of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
TYACK and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1