OPINION
{¶ 1} Appellant, the State of Ohio (hereinafter "appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas granting the application made by appellee, Heath Fox ("appellee"), to seal the record of his conviction in case No. 00CR-5613 pursuant to R.C. 2953.32. For the reasons that follow, we reverse the trial court's decision. No brief opposing the appeal has been filed. *Page 2 
 {¶ 2} Appellee was originally indicted by the Franklin County Grand Jury on one count of burglary, a second-degree felony, and abduction, a third-degree felony. Ultimately, appellee pled guilty to one count of burglary, a third-degree felony. It is this record of conviction that appellee sought to have sealed. Appellant objected, arguing that appellee was not eligible to have the record of conviction sealed because appellee was not a "first offender" as provided in R.C.2953.32(A)(1), and because the conviction for burglary was an offense of violence as defined in R.C. 2901.01(A)(9)(a). Appellant pointed to appellee's criminal record, which included a conviction for criminal trespass, a fourth-degree misdemeanor, in support of its contention that appellee was not a first offender. The trial court held a hearing and granted appellee's application.
 {¶ 3} Appellant filed this appeal, alleging as the sole assignment of error:
 THE COURT ERRED WHEN IT GRANTED THE APPLICATION TO SEAL THE RECORD AS APPLICANT FAILED TO QUALIFY AS A FIRST OFFENDER AND AS R.C. 2953.36(C) PROHIBITS SEALING THE RECORD OF A CONVICTION FOR AN OFFENSE OF VIOLENCE.
 {¶ 4} The process for ordering a record of conviction to be sealed (more commonly referred to as "expungement") is governed by R.C. 2953.31
et seq. It is well-settled that "[e]xpungement is an act of grace by the state, and so is a privilege, not a right." State v. Simon (2000), 87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. Consequently, a trial court should only order an expungement when all of the *Page 3 
requirements for eligibility have been met. State v. Hamilton (1996), 75 Ohio St.3d 636, 1996-Ohio-440, 665 N.E.2d 669.
 {¶ 5} The criteria for expungement is set forth in R.C. 2953.32. The initial question that must be answered is whether an applicant is a "first offender," since, pursuant to R.C. 2953.32(A)(1), only a first offender can apply to have a record of conviction sealed. If the applicant is not a first offender, the application must be denied.State v. Reed, Franklin App. No. 05AP-335, 2005-Ohio-6251.
 {¶ 6} R.C. 2953.31(A) defines first offender as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." It is not disputed that, prior to being convicted of the instant offense of burglary, appellee was convicted in 1990 of criminal trespass. Thus, the trial court erred when it granted appellee's expungement as appellee was not a first offender under R.C. 2953.31(A), and could not have his conviction for burglary expunged.[1]
 {¶ 7} Therefore, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this cause for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
PETREE and KLATT, JJ., concur.
[1] As this prong of appellant's argument is dispositive, we need not address appellant's argument pertaining to appellee not being eligible based on being convicted of an act of violence. *Page 1