[Cite as *State v. Tingler*, 2021-Ohio-1224.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-20-007

     Appellee                             Trial Court No. 2014 CR 044

v.

Charles Tingler                              **DECISION AND JUDGMENT**

     Appellant                            Decided:  April 9, 2021

* * * * *

Gwen Howe-Gebers, Special Prosecutor, for appellee.

Charles Tingler, pro se.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Charles Tingler, appeals pro se from the March 26, 2020 judgment of the Ottawa County Court of Common Pleas denying his motion to expunge and seal the criminal records in case No. 2014 CR 044.  For the reasons that follow, we reverse and remand for proceedings consistent with this decision.

**{¶ 2}** Appellant did not set forth an assignment of error. Rather, he argued:

This court should reverse the trial court's order, seal the records, expunge all convictions, for reasons that the trial court gave no detailed explanation for denying the motion, did not hold a hearing on the motion, and the prosecutor did not object to the motion.

**Background**

**{¶ 3}** On April 21 and April 25, 2014, telephone calls were placed to schools, making bomb threats or a gun threat. On May 14, 2014, appellant was charged by indictment with nine crimes, and on March 18, 2015, a jury found appellant guilty of two counts of inducing panic, felonies of the second degree, one count of disrupting public services, a felony of the fourth degree, and one count of aggravated menacing, a first-degree misdemeanor. On May 13, 2015, appellant was sentenced to four years in prison. Thereafter, appellant filed several appeals.

**{¶ 4}** On June 3, 2019, appellant filed a document in the trial court, which provided that he "would like to expunge and seal the records in [his criminal case]." The state did not file an opposition. On March 26, 2020, the trial court issued an order stating:

This cause comes before this Court upon Defendant's Motion to Expunge and Seal the records in [the criminal case] on June 3, 2019. Said Motion is found Not Well Taken and is hereby denied.

2.

**Law**

{¶ 5} "Ohio's expungement statutes, R.C. 2953.31 et seq., permit a first-time offender to apply to the sentencing court for an order to seal the record of his or her conviction." *State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 7. "'Expungement is a privilege, not a right. * * * Expungement may be granted pursuant to statute only when all the requirements for eligibility are met.'" *Id.*, quoting *State v. Reed*, 10th Dist. Franklin No. 05AP-335, 2005-Ohio-6251, ¶ 7-8.

{¶ 6} R.C. 2953.31 provides in pertinent part:

(A)(1) "Eligible offender" means either of the following:

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one

3.

misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 7} R.C. 2953.32 provides in relevant part:

(A)(1) Except as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court if convicted in this state, * * * for the sealing of the record of the case that pertains to the conviction. Application may be made at one of the following times:

(a) At the expiration of three years after the offender's final discharge if convicted of one felony;

(b) When division (A)(1)(a) of section 2953.31 of the Revised Code applies to the offender, at the expiration of four years after the offender's

final discharge if convicted of two felonies, or at the expiration of five years after final discharge if convicted of three, four, or five felonies; * * *

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application.  The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing.  The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified.  The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. * * *

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *.  If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment * * * and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction.  If the court determines that it is not in the public interest for the two or three

convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an

eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed.

## Standard of Review

{¶ 8} In *State v. Haas*, 6th Dist. Lucas No. L-04-1315, 2005-Ohio-4350, ¶ 19, we noted "R.C. 2953.32 requires a trial court to construe the statute so as to promote the legislative purpose of allowing expungements when weighing the applicant's interests against the state's. This mandate requires a trial court's exercise of discretion." An abuse of discretion is more than an error of judgment or law; it occurs when the court's decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 9} The appellate court cannot decide whether or not the trial court abused its discretion on a silent record. *Haas* at ¶ 21. The trial court must "determine facts as required by R.C. 2953.32, and express the facts and reasons for its determination in a judgment entry." *Id.* at ¶ 26.

## Analysis

{¶ 10} At the outset, we note appellant's brief does not comply with the Rules of Appellate Procedure, specifically App.R. 16. Nevertheless, we will address the arguments raised by appellant.

{¶ 11} Upon review, almost a year after appellant filed his motion to seal and expunge the records of his criminal case, the trial court denied the motion, without

7.

explanation, and without first holding a hearing. Since the record is silent as to why the trial court denied appellant's motion, we find the trial court erred by not complying with the mandates of R.C. 2953.32. Accordingly, appellant's assignment of error is well-taken.

{¶ 12} The March 26, 2020 judgment of the Ottawa County Court of Common Pleas is reversed. The matter is remanded to the trial court to schedule a hearing to determine whether appellant is an eligible offender under R.C. 2953.31, and if so, whether appellant is entitled to expungement under R.C. 2953.32. On remand, the trial court must make the required findings on the record. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.