DECISION
{¶ 1} Appellant, the State of Ohio (the "state"), appeals from a judgment of the Franklin County Court of Common Pleas that granted appellee Kelley M. Proffitt's application to seal a record of conviction. Because appellee's conviction is not eligible for expungement, we reverse and remand.
 {¶ 2} On September 8, 2005, pursuant to R.C. 2953.32, appellee applied to seal the record contained in Franklin County Court of Common Pleas case No. 88CR-1315, claiming that she was a first offender under R.C. 2953.31, and that she met the requirements for expungement under R.C. 2953.32. The record shows that case No. 88CR-1315 involved appellee's conviction for fourth-degree felony theft. The state objected to the sealing of appellee's record of conviction, arguing that she was not a "first offender" as required by R.C. 2953.32. On March 30, 2006, the trial court held a hearing on the matter. At the hearing, the court stated:
 Before the Court is the matter of Kelley M. Proffitt. And Ms. Proffitt has requested an expungement of her record and this is an offense that occurred back it looks like it was in 1988 and the expungement case number is 05EP-457 [sic]. There has been an objection filed by the State of Ohio.
 The Court does not agree with that objection and it is overruled * * * and the Court will grant the sealing of the record in this matter. Thank you.
(Tr. 2.) On March 31, 2006, the trial court filed an entry granting appellee's application. The state appeals from that judgment and asserts the following single assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR EXPUNGEMENT BECAUSE DEFENDANT IS NOT A "FIRST OFFENDER."
 {¶ 3} From a judgment granting a motion to seal records, the state has a direct right to appeal. State v.Bissantz (1987), 30 Ohio St.3d 120,121; see, also, State v. Netter (1989),64 Ohio App.3d 322, 323; State v. Glending
(1998), Cuyahoga App. No. 74066, citing Netter. "The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right." State v. Winship, Franklin App. No. 04AP-384, 2004-Ohio-6360, at ¶ 8, citing State v.Simon (2000), 87 Ohio St.3d 531,533. Expungement should only be granted when all the requirements for eligibility are met.State v. Hamilton (1996), 75 Ohio St.3d 636,640. "An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. * * * Because expungement proceedings are not adversarial, the Rules of Evidence do not apply." Simon, at 533.
 {¶ 4} Only a "first offender" may apply for expungement. R.C.2953.32(A); State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726. A "first offender" is generally defined as someone who has been convicted of a criminal offense and "who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A). A conviction for a minor misdemeanor, or, subject to certain exceptions,[1] a violation of any section in Revised Code Chapters 4511., 4513., or 4549., or a violation of a municipal ordinance that is substantially similar to any offense in those chapters of the Revised Code, does not constitute "a previous or subsequent conviction" for purposes of R.C. 2953.31(A). If the applicant is not a first offender, the trial court lacks jurisdiction to grant the expungement. In the Matter of: Barnes, Franklin App. No. 05AP-355,2005-Ohio-6891, at ¶ 12, citing McCoy, at ¶ 11. An expungement of the record of a person who is not a first offender is void for lack of jurisdiction and may be vacated at any time. Winship, citing State v.Thomas (1979), 64 Ohio App.2d 141, 145.
 {¶ 5} As noted above, the state objected to the sealing of appellee's record of conviction on the basis that appellee is not a first offender as required by R.C. 2953.32. Attached to its objection, the state submitted an uncertified copy of appellee's criminal history record that shows that appellee pled guilty to welfare fraud in Michigan on September 17, 1987, and was fined $200 and sentenced to one year of probation. The copy of the criminal history record indicates that she was convicted of violating M.C.L. 400.60(2), which was a misdemeanor under that statute. Although the copy of the criminal history record is not certified, the accuracy of the information contained therein was not challenged in the trial court. Thus, we must determine whether defendant's conviction in Michigan constituted a "previous or subsequent conviction" for purposes of R.C. 2953.31(A).
 {¶ 6} The exclusion contained in R.C. 2953.31(A) for certain traffic offenses does not apply in this case because appellee's conviction in Michigan was for welfare fraud. In regard to whether the minor misdemeanor exclusion contained in R.C. 2953.31(A) applies, the state essentially reasons that exclusion does not apply because the conviction was for a misdemeanor. We agree that the exclusion for minor misdemeanors does not apply; however, we think that additional analysis on the issue is necessary.
 {¶ 7} In Ohio, minor misdemeanors are distinguished from misdemeanors, which are further subdivided into four degrees. See R.C.2901.02 (classification of offenses). However, according to our research, Michigan law does not categorize misdemeanors in the same way as Ohio law. See both M.C.L. 750.1 et seq. (the Michigan Penal Code), and M.C.L. 400.60. Thus, the issue becomes whether appellee's misdemeanor conviction in Michigan could be considered a "minor misdemeanor" for purposes of R.C. 2953.31(A).
 {¶ 8} To the extent her offense in Michigan is considered, for purposes of R.C. 2901.02(G),[2] not specifically classified, it could not be considered a minor misdemeanor for purposes of R.C. 2953.31(A). As outlined above, appellee was fined $200 and placed on probation for one year, for her welfare fraud conviction in Michigan. Additionally, in Ohio, theft by deception, in violation of R.C. 2913.02(A)(3), is, at a minimum, a misdemeanor of the first degree.[3] See id. Thus, we resolve that defendant's welfare fraud conviction in Michigan cannot be considered a minor misdemeanor for purposes of R.C. 2953.31(A). Therefore, the conviction constituted "a previous or subsequent conviction" for purposes of that division. In view of that conviction, appellee was not a "first offender" for purposes of R.C. 2953.31(A) and2953.32(A). Consequently, we conclude that the trial court lacked jurisdiction to grant appellee's request for expungement.
 {¶ 9} For the foregoing reasons, we sustain the state's single assignment of error. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court with instructions to dismiss appellee's application for expungement.
 Judgment reversed; cause remanded with instructions.
 BROWN and FRENCH, JJ, concur.
[1] As to those exceptions, R.C. 2953.31(A) provides, in part:
 [A] conviction for a violation of section 4511.19, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.62 or sections 4549.41 to 4549.46 of the Revised Code, for a violation of section 4510.11 or 4510.14 of the Revised Code that is based upon the offender's operation of a vehicle during a suspension imposed under section 4511.191 or 4511.196 of the Revised Code, for a violation of a substantially equivalent municipal ordinance, for a felony violation of Title XLV of the Revised Code, or for a violation of a substantially equivalent former law of this state or former municipal ordinance shall be considered a previous or subsequent conviction.
[2] R.C. 2901.02(G) provides, in pertinent part, as follows: "Any offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is one of the following: (1) For an offense committed prior to the effective date of this amendment [January 1, 2004], a fine not exceeding one hundred dollars[.]"
[3] How the offense is categorized depends on the value of the property or services stolen. See R.C. 2913.02(B)(2).