OPINION
{¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas granting the expungement application of appellee, Eric M. Hawkins. Because the trial court improperly granted appellee's application for expungement, we reverse.
 {¶ 2} On February 3, 2006, appellee filed an "Application for Order Sealing Record of Conviction or Bail Forfeiture [R.C. 2953.32(A)]" ("application"), requesting the *Page 2 
trial court to order that all official records of his convictions in case Nos. 99CR-07-3601 and 00CR-01-140 be sealed. In his application, appellee asserted that he qualified as a first offender, as defined in R.C. 2953.31, and that he met all the requirements for expungement listed in R.C. 2953.32.
 {¶ 3} On June 12, 2006, pursuant to R.C. 2953.32(B), the state filed an objection to appellee's application. The state attached to its objection an expungement investigation conducted by the Department of Probation, including a Bureau of Criminal Identification and Investigation ("BCI") criminal history record of appellee. The state contended that appellee did not qualify as a first offender because appellee's convictions in case Nos. 99CR-07-3601 and 00CR-01-140 should not be treated as one conviction and because appellee was also convicted on a misdemeanor charge of disorderly conduct in the Franklin County Municipal Court.
 {¶ 4} Pursuant to R.C. 2953.32(B), the trial court scheduled a hearing on appellee's application for August 3, 2006. A transcript of the proceedings indicates that neither counsel for the state nor counsel for appellee appeared for the scheduled hearing, although appellee was personally present. The trial court initially suggested continuing the hearing until appellee's counsel was present, but then stated: "I am not going to wait. We are going to go ahead. I am granting the request." (Tr. at 3.)
 {¶ 5} On August 7, 2006, the trial court filed an entry finding that appellee was a first offender, that no criminal proceedings were pending against appellee, that appellee's rehabilitation had been attained, and that the sealing of the records of conviction in case Nos. 99CR-07-3601 and 00CR-01-140 was consistent with the public *Page 3 
interest. The court therefore ordered all official records pertaining to appellee's convictions in those cases be sealed.
 {¶ 6} The state appeals and asserts the following assignment of error:
 THE TRIAL COURT ERRED BY GRANTING [APPELLEE'S] APPLICATION FOR EXPUNGEMENT BECAUSE [APPELLEE] WAS NOT A FIRST OFFENDER UNDER R.C. 2953.32.
 {¶ 7} In its single assignment of error, the state argues that the trial court erred in granting appellee's application because appellee was not a first offender. R.C. 2953.32(A)(1) permits a first offender to request expungement of his felony record by the sentencing court at the expiration of three years from the offender's final discharge. Under Ohio law, "[o]nly a `first offender' may apply for expungement."State v. Tinker, Franklin App. No. 03AP-1203, 2005-Ohio-2289, at ¶ 5; R.C. 2953.32(A). "[P]rior to invoking the jurisdiction of the court under R.C. 2953.32, the applicant must in fact be a `first offender' as defined in R.C. 2953.31." State v. Thomas (1979), 64 Ohio App.2d 141,145. A trial court's expungement of an applicant's conviction, where the applicant is not a first offender, "constitutes an error in the court's exercise of jurisdiction over a particular case" and "is voidable either by way of direct appeal or pursuant to the provisions of Civ.R. 60(B)."State v. Smith, Franklin App. No. 06AP-1059, 2007-Ohio-2873, at ¶ 15.
 {¶ 8} As relevant here, R.C. 2953.31(A) defines a "first offender" as one "who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Under certain circumstances, R.C. 2953.31(A) permits courts to count multiple convictions as one for purposes of expungement: *Page 4 
 * * * When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
 {¶ 9} Whether an applicant is a first offender is a question of law to be determined de novo by a reviewing court. State v. Korn (June 12, 2001), Franklin App. No. 01AP-40, citing State v. Derugen (1996),110 Ohio App.3d 408, 410. However, whether the facts in any case meet the definition of "first offender" is, in many cases, a question of fact.Korn, citing State v. Patterson (1998), 128 Ohio App.3d 174.
 {¶ 10} The state contends that appellee is not a first offender because his convictions in case Nos. 99CR-07-3601 and 00CR-01-140 may not be counted as one conviction under R.C. 2953.31 and because appellee was also convicted of disorderly conduct in 1999. The state argues that the BCI record establishes that appellee was not a first offender and that the trial court, accordingly, erred by granting appellee's application. We may only affirm the trial court's entry granting appellee's application if appellee's convictions in case Nos. 99CR-07-3601 and 00CR-01-140 may be counted as one under R.C. 2953.31
and if appellee has no other previous or subsequent convictions.
 {¶ 11} We first address the state's argument that appellee's convictions in case Nos. 99CR-07-3601 and 00CR-01-140 may not be counted as one conviction. In case *Page 5 
No. 99CR-07-3601, appellee was convicted of one count of promoting prostitution and sentenced to probation. In case No. 00CR-01-140, appellee was convicted of attempted failure to appear on recognizance. Appellee was convicted in both cases on July 14, 2000. Although the trial court apparently concluded that the convictions in those cases counted as one conviction for purposes of expungement, there is not sufficient information in the record to support the trial court's conclusion. See State v. Suel, Franklin App. No. 02AP-1158, 2003-Ohio-3299. The record contains no evidence regarding the factual basis of either conviction. The record provides no evidence upon which the trial court could, or this court may, determine whether the convictions "result from or are connected with the same act or result from offenses committed at the same time[.]" R.C. 2953.31(A). Additionally, although appellee was convicted of both offenses at the same time, there is no evidence regarding the timing of the criminal acts underlying each conviction to determine whether the convictions "result from related criminal acts that were committed within a three-month period[.]" Id. On review of the record, this court is unable to determine whether appellee's convictions in case Nos. 99CR-07-3601 and 00CR-01-140 may be counted as one conviction pursuant to R.C.2953.31.
 {¶ 12} The state also argues that, even if appellee's convictions in case Nos. 99CR-07-3601 and 00CR-01-140 may be counted as one, appellee fails to qualify as a first offender because he was also convicted of disorderly conduct by the Franklin County Municipal Court in 1999. The BCI report contains a handwritten notation that appellee was charged, in February 1999, with selling drug paraphernalia to a minor. The handwritten notation details the disposition of that charge as follows: "Amend Dis *Page 6 
Cond (M4) 3-16-99." At the hearing on appellee's application, the trial court stated: "Then there was a charge on February of 1999. That was selling something to minors. That was dismissed. It says amended and then dismissed." (Tr. at 4.) Contrary to the trial court's assertion, there is no indication in the BCI report that the February 1999 charge against appellee was dismissed. The state contends that the trial court misread the notation in the BCI report to indicate that the February 1999 charge was amended and dismissed rather than to indicate that appellee was convicted of the amended charge of disorderly conduct. We agree.
 {¶ 13} Because appellee was convicted of disorderly conduct in a proceeding separate from either case No. 99CR-07-3601 or 00CR-01-140, he does not qualify as a first offender under R.C. 2953.31, and the trial court erred in granting appellee's application. For the foregoing reasons, we sustain the state's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter with instructions to enter judgment denying appellee's application.
Judgment reversed and cause remanded with instructions.
 DESHLER, J., concurs. TYACK, J., dissents.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.