OPINION
{¶ 1} Appellant, the State of Ohio, appeals from the judgment of the Franklin County Court of Common Pleas granting the application of appellee, Robert M. Koehler, to seal the record of his conviction in Case No. 04CR-7808. Because the trial court improperly granted appellee's application for expungement, we reverse.
 {¶ 2} Appellee was indicted in case No. 04CR-7808 on 36 counts of sale of unapproved drugs in violation of R.C. 2925.09(A), all fifth-degree felonies. Each of the 36 *Page 2 
counts alleged that appellee "did administer, dispense, manufacture, possess, sell or use a drug, to wit: Respiratory Soluble Bacterial Antigen, that is not approved by the United State[s] Food and Drug Administration, or the United States Department of Agriculture" in violation of R.C. 2925.09. Counts 1 through 5 alleged the offenses occurred on specific days in 1999 — April 28, August 22, December 5, April 12, and October 4, 1999, respectively. Counts 7 through 14 alleged the offenses occurred on several specific days in 2000 — July 31, August 31, October 18, December 3, May 19, August 9, May 22, and August 24, 2000, respectively. Counts 15 through 21, 23 through 28, and 30 alleged the offenses occurred on specific days in 2001 — January 24, March 20, April 16, June 15, July 13, August 10, October 26, November 29, December 17, January 10, March 27, April 23, May 19, and July 18, 2001, respectively. Counts 31 through 36 alleged the offenses occurred on specific days in 2002 — January 22, February 11, February 23, April 16, May 17, and May 17, 2002, respectively. Counts 6, 22, and 29 alleged the offenses occurred on specific days in 2004 — May 19, October 26, and June 7, 2004, respectively.
 {¶ 3} Pursuant to a plea agreement, appellee entered guilty pleas to the stipulated lesser included offenses of Counts 1 through 36, i.e., attempted sale of unapproved drugs, all first-degree misdemeanors. The trial court found appellee guilty, sentenced him to concurrent six-month jail terms on each of the 36 counts, suspended the sentence, and ordered him to be placed on reporting probation for a period of two years.
 {¶ 4} Appellee subsequently, through an attorney, filed an "Application for Order Sealing Record of Conviction or Bail Forfeiture [R.C. 2953.32(A)]" ("application"), *Page 3 
requesting the trial court to order that all official records of his convictions in case No. 04CR-7808 be sealed. According to the boilerplate memorandum in support of his application, appellee qualified as a first offender as defined in R.C. 2953.31 and met all the requirements of R.C. 2953.32.
 {¶ 5} Appellant filed an objection to appellee's application, asserting that appellee did not qualify as a first offender because his 36 convictions in case No. 04CR-7808 should not be treated as one conviction. Appellant attached to its objection copies of the indictment, the guilty plea form, the trial court judgment entry of conviction, and the expungement investigation report completed by the probation department.
 {¶ 6} The trial court held a hearing on appellee's application on October 3, 2007. At the hearing, counsel for appellee offered the following information. Appellee was employed by a laboratory that produced and distributed a vaccine containing a substance not approved by the United States Food and Drug Administration ("FDA") to physicians who in turn prescribed it for allergy patients. When the laboratory closed, several of the physicians requested that appellee continue to produce and supply the vaccine to them. Believing that federal law permitted him to produce and distribute the vaccine to physicians within the state of Ohio, appellee acquiesced. According to counsel, appellee was unaware of Ohio's strict liability statute prohibiting the sale of non-FDA approved drugs in Ohio.
 {¶ 7} Counsel further averred that an unrelated Medicare investigation involving one of the physicians led to an investigation of appellee. By that time, appellee had ceased producing the substance. He fully cooperated with the investigation and surrendered all his records involving his production and sale of the substance. Those *Page 4 
records catalogued when physicians contacted him and requested the vaccine, when he manufactured batches of the vaccine, and when he collected payment from the physicians. The investigation resulted in the aforementioned indictment.
 {¶ 8} Counsel further asserted that during the plea negotiations, appellee admitted that he manufactured and sold the vaccine; however, there were no specific discussions as to exactly what criminal activity comprised each of the 36 counts. To that end, counsel for appellee stated, "Was it sales? Was it production of the batches? Was it exchanging of money changing hands between people? We simply don't know * * *." (Oct. 3, 2007 Tr. 5-6).
 {¶ 9} According to appellee's counsel, appellee had no prior or subsequent convictions. He was no longer engaged in his former line of work and thus presented no risk to the community as to future production of the substance. He was currently employed as a property manager and inspector. Appellee sought expungement of his criminal record because it posed a barrier to his obtaining a professional property appraisal license and thus negatively affected his livelihood.
 {¶ 10} At the conclusion of the hearing, the trial court averred that it would take the matter under advisement. On October 19, 2007, the court filed an entry finding that appellee was a first offender, that no criminal proceedings were pending against him, that appellee's rehabilitation had been attained, and that sealing his record of conviction in case No. 04CR-7808 was consistent with the public interest. The court therefore ordered that all official records pertaining to appellee's conviction in that case be sealed.
 {¶ 11} Appellant appeals, advancing a single assignment of error, as follows: *Page 5 
 The trial court erred by granting appellee's application to seal the record of his convictions as appellee failed to qualify as a first offender.
 {¶ 12} "Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their first conviction sealed." State v. Smith, Marion App. No. 9-04-05, 2004-Ohio-6668, at ¶ 9. Expungement proceedings involving convictions are governed by R.C. 2953.31, 2953.32, and, though not applicable here, R.C. 2953.36. These statutes recognize that individuals with a single criminal infraction may be rehabilitated. State v.Derugen (1996), 110 Ohio App.3d 408, 411, citing State v. Petrou (1984),13 Ohio App.3d 456.
 {¶ 13} R.C. 2953.32(A)(1) provides that a first offender may apply to the sentencing court for an order sealing the record of conviction. Upon the filing of an application under R.C. 2953.32(A)(1), the court must set a hearing date and notify the prosecutor of the hearing on the application. R.C. 2953.32(B). The prosecutor may object to the granting of an application request by filing an objection with the court prior to the hearing date. Id. Before ruling on the application, the trial court must (1) determine whether the applicant is a first offender, (2) determine whether criminal proceedings are pending against the applicant, (3) determine whether the applicant has been rehabilitated to the satisfaction of the court if the court finds the applicant to be a first offender, (4) determine if the prosecutor filed an objection in accordance with R.C. 2953.32(B) and consider the prosecutor's reasons for the objection, and (5) weigh the applicant's interests in having the records sealed against the legitimate needs, if any, of the government to maintain the records. R.C. 2953.32(C)(1). "The statutory requirements are independent of one another and are in the conjunctive." State v.Krantz, Cuyahoga App. No. 82439, *Page 6 
2003-Ohio-4568, at ¶ 23. Accordingly, if the applicant fails to satisfy one of these requirements, the trial court must deny the application. Id.
 {¶ 14} "Neither the United States Constitution nor the Ohio Constitution endows one convicted of a crime with a substantive right to have the record of a conviction expunged." State v. Gerber, Cuyahoga App. No. 87351, 2006-Ohio-5328, at ¶ 9. Rather, "`[e]xpungement is an act of grace created by the state' and so is a privilege, not a right."State v. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v.Hamilton (1996), 75 Ohio St.3d 636, 639. Accordingly, "[e]xpungement should be granted only when all the requirements for eligibility are met." Id., citing Hamilton, at 640. "An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information. * * * Because expungement proceedings are not adversarial, the Rules of Evidence do not apply." Id.
 {¶ 15} The state has a right of direct appeal from a judgment granting an application to seal a record of conviction. State v. Proffitt, Franklin App. No. 06AP-363, 2006-Ohio-6642, at ¶ 3, citing State v.Bissantz (1987), 30 Ohio St.3d 120, 121. The determination of whether an applicant is a first offender is a question of law to be determined de novo by a reviewing court. State v. Korn (June 12, 2001), Franklin App. No. 01AP-40, citing Derugen, at 410. However, whether the facts in any case meet the definition of first offender is, in many cases, a question of fact. Id., citing State v. Patterson (1998), 128 Ohio App.3d 174.
 {¶ 16} If the applicant is not a first offender, the trial court is without jurisdiction to grant an expungement. State v. Wilson, Franklin App. No. 06AP-1060, 2007-Ohio-1811, at ¶ 9, citing State v.Thompson, Franklin App. No. 06AP-881, 2007-Ohio-1503, at ¶ 5, *Page 7 
citing State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726. "A trial court's expungement of an applicant's conviction, where the applicant is not a first offender, `constitutes an error in the court's exercise of jurisdiction over a particular case' and `is voidable either by way of direct appeal or pursuant to the provisions of Civ.R. 60(B).'"State v. Hawkins, Franklin App. No. 06AP-882, 2007-Ohio-4313, at ¶ 7, quoting State v. Smith, Franklin App. No. 06AP-1059, 2007-Ohio-2873, at ¶ 15; see, also, State v. Bowers, Franklin App. No. 07AP-49,2007-Ohio-5969, at ¶ 9.
 {¶ 17} R.C. 2953.31(A) defines a first offender, in relevant part, as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Thus, as a general rule, only a person with a single conviction is eligibile for expungement. State v. Brewer, Franklin App. No. 06AP-464, 2006-Ohio-6991, at ¶ 8. However, the statute creates exceptions to this general rule. The first exception provides that "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A). This court has noted that this exception "really contains two distinct concepts — either of which qualify the applicant for expungement: (1) when two or more convictions result from or are connected with the same act; or (2) when two or more convictions result from offenses committed at the same time." Id. at ¶ 9. The second exception provides that "when two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the *Page 8 
same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."
 {¶ 18} Appellant contends that appellee is not a first offender because his 36 convictions may not be counted as one conviction under R.C. 2953.31. The trial court apparently concluded that appellee's 36 convictions counted as one conviction for purposes of expungement. We disagree with the trial court's conclusion.
 {¶ 19} The fact that all of the charges against appellee were resolved in a single proceeding does not necessarily lead to the conclusion that those charges merged into a single offense for purposes of expungement.Derugen, at 411, citing State v. Saltzer (1985), 20 Ohio App.3d 277,278. Although appellee's convictions were entered concurrently, he still was convicted of more than "an" offense. Accordingly, he does not qualify as a first offender under the general rule set forth in the first sentence of R.C. 2953.31(A). See In re M.B. (June 29, 2000), Franklin App. No. 99AP-922.
 {¶ 20} Having determined that appellee does not qualify as a first offender under the general rule, we must ascertain whether he qualifies under either of the exceptions. It is obvious that appellee's convictions are not based upon conduct that occurred at the same time; as noted, the indictment charged, and appellee pled guilty to, 36 separate violations of R.C. 2925.09 which occurred on 35 separate days spanning five years. Thus, appellee does not qualify as a first offender under the second part of the first exception.
 {¶ 21} Further, appellee does not qualify as a first offender under the second exception to R.C. 2953.31(A). Even though his convictions resulted from the same *Page 9 
indictment, his offenses were not committed within a three-month period. See Smith, supra, at ¶ 11. Further, his 36 convictions exceeded in number the statutory limit of three convictions. See State v.Broadnax, Hamilton App. No. C-040375, 2006-Ohio-3035, at ¶ 7.
 {¶ 22} However, appellee may still be eligible for sealing of his criminal records if he qualifies as a first offender under the first part of the first exception. This exception requires the trial court to make a factual determination whether the multiple offenses for which appellee was convicted have a sufficient connection or relationship to each other such that they "result from or are connected with the same act." In re M.B. Appellant contends that appellee's convictions are not sufficiently connected to qualify under this exception. We agree.
 {¶ 23} In Brewer, Brewer entered guilty pleas to one count of attempted possession of criminal tools and eight counts of attempted forgery, all first degree misdemeanors. The convictions resulted from Brewer's unauthorized writing of checks on another's account. The conviction for attempted possession of criminal tools was based upon conduct occurring from September 3, 2000 to November 29, 2000. The convictions for attempted forgery were based on conduct occurring on five separate days in September 2000.
 {¶ 24} The trial court granted Brewer's application to seal the record of his convictions. The state appealed, arguing that the convictions were not sufficiently connected to qualify under the first part of the first exception in R.C. 2953.31(A). The state pointed out that the conduct that resulted in the eight attempted forgery convictions occurred over the span of approximately one week, and the conduct that resulted in the *Page 10 
attempted possession of criminal tools conviction occurred over a span of approximately three months. This court found that "because the convictions were based upon separate and distinct acts that occurred on different days, the convictions did not merge into a single offense for expungement purposes. "Id. at ¶ 14.
 {¶ 25} Other courts have held similarly when offenses are committed at different times. For example, in Smith, a licensed pharmacist, Smith, became dependent upon Hydrocodone, a Schedule III controlled substance. To support his addiction, he began taking Hydrocodone products from the pharmacy where he was employed. Smith was ultimately charged with three fourth-degree felony counts of possession of drugs in violation of R.C.2925.11. The three counts were based upon his possession of the substance during three separate periods of time: April 1 to May 31, 1997, April 1 to May 31, 1998 and April 1 to May 31, 1999. He subsequently pled guilty to a reduced charge of three misdemeanor counts of possession of drugs.
 {¶ 26} Smith filed an application for expungement, requesting that his record of conviction on the three misdemeanor counts of possession of drugs be sealed. The trial court granted the application, concluding that the second part of the first exception applied to Smith's case. Specifically, the trial court determined that, although Smith's convictions were not based on acts committed at the same time, they were "logically connected." Id. at ¶ 12. The trial court reasoned that Smith's actions reflected not a "series of criminal offenses, but a single criminal adventure which could have been charged as one offense." Id.
 {¶ 27} On appeal, the state argued that the trial court erred in sealing Smith's records, as his multiple convictions did not result from the same act, thereby precluding *Page 11 
him from being classified as a first offender. Specifically, the state urged that each time Smith possessed a Hydrocodone product from his employer's inventory for his personal use, he committed a new offense. The state asserted that Smith did not possess all of the Hydrocodone product at one time and that each two-month period of possession for which he was convicted constituted a separate act. The state further argued that there was no basis to merge the three counts to which Smith pled guilty.
 {¶ 28} The court concluded that Smith's three convictions for possession of drugs were separate offenses committed at separate times. The court held that although Smith committed the same offense three times, the fact that the offenses were committed over a three-year period precluded him from being classified as a first offender as defined in R.C. 2953.31. The court reasoned that "[w]hen different acts resulting in separate convictions are committed at different times, a defendant is not considered a `first offender'". Id. at ¶ 14, citingState v. Cresie (1993), 93 Ohio App.3d 67, 68.
 {¶ 29} In Derugen, the court held that an offender who had six convictions based upon acts that occurred over a four-day period did not qualify as a first offender. Despite the fact that the offenses could have been considered logically connected as being the result of the offender's drug dependency, the court held that the convictions were separate and unrelated based upon the fact that they were committed at different times. Id.
 {¶ 30} In State v. Aggarwal (1986), 31 Ohio App.3d 32, the court concluded that the sale of unregistered securities on three separate occasions to separate purchasers and arising out of the same offering did not merge into a single offense for purposes of statutory expungement. The court stated that "[a]lthough it may plausibly be argued that *Page 12 
the offenses occurred in connection with the promotion of one business venture, we are persuaded from what appears in the record that there were, in fact, three distinct transactions, each taking place at a separate time and each involving a different group of prospective purchasers." Id. at 32-33
 {¶ 31} Similarly, in State v. Iwanyckyj (Oct. 14, 1993), Cuyahoga App. No. 65462, the court held that an offender with two convictions for burglary and one conviction for robbery based on conduct occurring on consecutive days, was not a first offender, reasoning that "[o]ffenses of like nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity."
 {¶ 32} The record in this case does not support a finding that the 36 counts for which appellee was convicted had a sufficient connection or relationship to each other such that they "result from or are connected with the same act." As noted by appellant, appellee pled guilty to 36 separate violations of attempted sale of unapproved drugs occurring on 35 separate days over the span of five years. Although neither the indictment nor the guilty plea form set forth precisely what criminal activity transpired on each of the 35 days, counsel for appellee averred at the hearing that the records appellee relinquished as part of the unrelated Medicare investigation chronicled when physicians contacted him and requested the vaccine, when he manufactured batches of the vaccine, and when he collected payment from the purchasing physicians for the sale of the vaccine. The indictment and the information provided at the hearing, taken together, clearly establish that appellee's convictions resulted from his violating different sections of R.C.2925.09(A) on separate days over several years and that his crimes involved several different physicians. *Page 13 
 {¶ 33} Accordingly, we conclude that appellee's 36 convictions for attempted sale of unapproved drugs constituted separate offenses committed at separate times. Appellee's violation of several different sections of R.C. 2925.09 and the substantial gap in time between offenses precluded appellant from being classified as a first offender as defined in R.C. 2953.31 (A). Because appellee does not qualify as a first offender, the trial court erred in sealing the record in Case No. 04CR-7808. Hawkins, supra. Accordingly, appellant's assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded with instructions to vacate the order sealing the record of appellee's convictions for unapproved sale of drugs and to deny the application.
Judgment reversed and cause remanded with instructions.
PETREE and SADLER, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1