[Cite as *State v. Banks*, 2013-Ohio-4890.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 13AP-350 |
| | | (C.P.C. Nos. 00CR-4350 |
| v. | : | and 04CR-8131) |
| Kendall L. Banks, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 5, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by plaintiff-appellant, State of Ohio, from a judgment of the Franklin County Court of Common Pleas granting an application to seal the record of conviction of defendant-appellee, Kendall L. Banks pursuant to R.C. 2953.32.

{¶ 2} On November 9, 2000, appellee entered a plea of guilty in common pleas case No. 00CR-4350 to one count of attempted breaking and entering, in violation of R.C. 2923.02, a misdemeanor of the first degree. The trial court ordered a sentence of six months incarceration with all time suspended subject to one-year probation.

{¶ 3} On May 24, 2007, appellee entered a guilty plea in common pleas case No. 04CR-8131 to one count of carrying a concealed weapon, in violation of R.C. 2923.12, a misdemeanor of the first degree. The trial court ordered a sentence of two months

incarceration with the balance of the sentence suspended provided appellee incur no new offenses for one year.

{¶ 4} On February 22, 2012, appellee filed an application to seal the record of his convictions in case Nos. 00CR-4350 and 04CR-8131. On April 18, 2012, the state filed an objection, asserting that appellee failed to qualify as a first offender because he was convicted of separate offenses committed years apart. On August 1, 2012, the state filed a supplement to its objection, noting that, in June 2012, the Governor of Ohio had signed Am.Sub. S.B. No. 337 (hereafter "S.B. No. 337"), which amended the definition of those eligible for expungement; the state argued that the amendments to the expungement statutes (R.C. 2953.31 to 2953.36) resulting from S.B. No. 337 did not apply to appellee's application because he filed it prior to the effective date (September 28, 2012) of the amendments.

{¶ 5} The matter came for hearing before the trial court on October 11, 2012. During the hearing, the trial court informed appellee: "When you filed the application for sealing the record back on April 18th of 2012, the previous statute was in effect." (Tr. 2.) The court further informed appellee that, if the state's argument "is correct, what you need to do is withdraw this [application], file it again, we'll have a hearing on it and the new law will be in effect." (Tr. 3.) By entry filed March 28, 2013, the trial court ordered the sealing of appellee's record of conviction in both cases.

{¶ 6} On appeal, the state sets forth the following assignment of error for this court's review:

> THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFEDNANT'S APPLICATION TO SEAL HIS CONVICTIONS WHEN HE WAS NOT A "FIRST OFFENDER" IN CONTRAVENTION OF FORMER R.C. 2953.31(A) AND FORMER R.C. 2953.32(A).

{¶ 7} Under its single assignment of error, the state argues that appellee filed his application to seal the record of his convictions prior to the passage of S.B. No. 337, which changed the definition of an applicant from a "first offender" to "eligible offender." Thus, the state argues, the provisions of former R.C. 2953.31 to 2953.36 were in effect for purposes of appellee's application. The state maintains that appellee cannot qualify as a first offender under the former statutes because he had two separate convictions.

{¶ 8}   Under Ohio law, "[t]he process for ordering a record of conviction to be sealed (more commonly referred to as 'expungement') is governed by R.C. 2953.31 et seq.," and it is "well-settled that '[e]xpungement is an act of grace by the state, and so is a privilege, not a right.' "  *State v. Thompson,* 10th Dist. No. 06AP-881, 2007-Ohio-1503, ¶ 4, citing *State v. Simon*, 87 Ohio St.3d 531, 533 (2000).  Thus, "a trial court should only order an expungement when all of the requirements for eligibility have been met."  *Id.*, citing *State v. Hamilton*, 75 Ohio St.3d 636 (1996).

{¶ 9}   The provisions of former R.C. 2953.32 "permitted a 'first offender' to apply to the sentencing court for sealing of a conviction record."  *State v. Reedus,* 10th Dist. No. 12AP-1066, 2013-Ohio-2752, ¶ 5.   Under former R.C. 2953.31(A), a "first offender" was defined in part as one "who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."

{¶ 10}  The general rule under the former expungement provisions was that only a person with a single conviction was eligible for expungement, subject to two exceptions.  *In re Koehler,* 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 17.   Under the first exception, " '[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.' "  *Id.*, quoting former R.C. 2953.31(A).   Under the second exception, " 'when two or three convictions result from the same indictment, * * * from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction.' "  *Id.*  Accordingly, applying the former provisions, "different acts committed at different times resulting in separate convictions generally mean a defendant is not a first offender."  *State v. Yorde,* 10th Dist. No. 11AP-404, 2011-Ohio-6671, ¶ 13, citing *Koehler* at ¶ 28.

{¶ 11}  If an applicant under former R.C. 2953.32 "is not a first offender, the trial court lacks jurisdiction to grant the requested expungement."  *Reedus* at ¶ 5, citing *In re Barnes,* 10th Dist. No. 05AP-355, 2005-Ohio-6891, ¶ 12.   The question of whether an applicant is a first offender "is an issue of law for a reviewing court to decide de novo."  *Id.*

{¶ 12} In the present case, we agree with the state that the former expungement statutes were in effect at the time of appellee's application. *See State v. LaSalle,* 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus ("The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling."). *See also Reedus* at ¶ 2, fn. 1 ("The former version of R.C. 2953.31 through 2953.36 applies to Reedus's motion because she filed her motion before September 28, 2012, the effective date of changes to those statutes."). We further agree with the state that appellee did not qualify as a first offender under the former statutory provisions in light of his two separate convictions. Because appellee did not qualify as a first offender, we sustain the state's assignment of error, reversing the trial court's decision and remanding this matter to the trial court to enter judgment denying appellee's application. *Id.* at ¶ 8.

{¶ 13} Based upon the foregoing, the state's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed; cause remanded.*

O'GRADY and McCORMAC, JJ., concur.

McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____